Herbert OLIVER, Sr., Plaintiff,

and

Mary L. Oliver, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

Herbert OLIVER, Sr.; Mary L. Oliver, Plaintiffs,

and

Geoffrey P. Chism and Stanislaw, Ashbaugh, Chism, Jacobson & Riper, Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Herbert OLIVER, Sr.; Mary L. Oliver, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee,

v.

Ronald P. BAKER; Old National Bank of Washington, Third-party-defendants.

Nos. 88–4332, 89–35277 and 89–35202.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1990.

Decided Dec. 20, 1990.

Scott C. Breneman, Stanislaw, Ashbaugh, Chism, Jacobson & Riper, Seattle, Wash., for plaintiffs-appellants.

Nancy Morgan, Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We consider the burden of proof appropriate to a challenge by an employer and corporate directors of imposition of penalties for willful failure to pay over income and social security taxes withheld from employees.

## I

Appellant Herbert Oliver was secretary/treasurer of R.P. Baker Steel Fabricating, Inc., and owned forty percent of the corporation's stock. Appellant Mary Oliver, who owned and operated a bookkeeping service, kept Baker Steel's books. Herbert and Mary Oliver together with one Ronald Baker[1] constituted Baker Steel's board of directors.

By July 1980, Baker Steel was having financial difficulties. Its operating account at Old National Bank ("Bank") was overdrawn and the Bank refused to increase Baker Steel's credit. Baker Steel failed to pay the government $72,602.21 in federal income and social security taxes withheld from the wages of the corporation's employees for the second, third, and fourth quarters of 1980 and for the first and second quarters of 1981. By June 1981, Baker Steel ceased doing business. The withheld taxes were never paid.

After Baker Steel failed to account for and to pay the withheld taxes, the Internal Revenue Service ("IRS") assessed penalties, under 26 U.S.C. § 6672,[2] against Baker, Herbert Oliver, Mary Oliver, and the Bank.[3] The Olivers each paid ten dollars in partial satisfaction of the assessments against them and filed administrative claims for refunds. When the IRS denied these claims, the Olivers filed refund suits in federal district court. The government filed counterclaims for the balance of the assessments and joined Baker as an additional party. On December 19, 1985, the district court granted summary judgment in favor of the United States on its counterclaim against Baker. Herbert and Mary Oliver's case was tried before a jury in August 1988.

The jury returned verdicts on special interrogatories, finding that Mary Oliver was a "responsible person" required by section 6672 to collect taxes for the second, third, and fourth quarters of 1980 and the first quarter of 1981, and that she willfully failed to account for and to pay over the withheld taxes for the third and fourth quarters of 1980. The jury found that Herbert Oliver was not a "responsible person" required to collect taxes and did not

---

1. Ronald Baker was the majority shareholder and president of Baker Steel.

2. This section provides in pertinent part:
   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
   26 U.S.C. § 6672(a) (1988).

3. The IRS eventually dropped its proposed assessment against the Bank.

willfully fail to pay over the withheld taxes for any of the quarters at issue. Accordingly, the district court entered a judgment in favor of the United States and against Mary Oliver for $28,464.07, plus interest, and a judgment in favor of Herbert Oliver and against the United States for $15.18, plus interest.

The Olivers then filed a motion with the district court for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412 (1988). The government opposed the Olivers' motion for attorney fees and requested that the district court impose sanctions under Federal Rule of Civil Procedure 11 against the Olivers' attorney for filing the motion. The district court denied the Olivers' motion for attorney fees, finding that the government's position in this case was "substantially justified." The district court granted the government's motion for Rule 11 sanctions and ordered the Olivers' counsel, Geoffrey Chism, to pay the government $988.71, an amount representing the attorney fees and costs incurred by the government in opposing the Olivers' EAJA motion.

The Olivers and Chism timely appeal. We have jurisdiction under 28 U.S.C. § 1291.

## II

Mary Oliver challenges two jury instructions. She argues that the district court erred in instructing the jury both on the burden of proof and on the presumption of correctness of the IRS's tax assessment. Because of these alleged errors, Mary Oliver asserts that her trial was prejudiced. We consider these alleged errors below.[4]

### A

Mary Oliver first argues that the district court erroneously instructed the jury that she bore the burden of proving that she was not a "responsible person" who "willfully failed" to comply with section 6672. She contends that the government bore the burden of proving on its counterclaim that she is liable under section 6672 for the unpaid balance of the assessment. The district court gave the following jury instructions regarding the burden of proof: "The plaintiffs in this civil action have the burden of proof. That means that each plaintiff has to produce evidence which, considered in the light of all facts, leads you to believe that what each plaintiff claims is more likely true than not true." Trial Proceedings at 449 (Aug. 31, 1988), *Oliver v. United States*, No. C84–1177M (W.D.Wash.) [hereinafter Trial Proceedings]. Mary Oliver objected to this jury instruction.

■ In an action to collect tax, the government bears the initial burden of proof. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied*, 465 U.S. 1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984). The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due. *Id.* Normally, introduction of the assessment establishes a *prima facie* case. *Id.*

■ After the government satisfies its initial burden by introducing the assessment under section 6672, the taxpayer then has the burden of proof with respect to both his own claim and the government's counterclaim. *See, e.g., Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir.1987) ("once the government presents an assessment of liability, the taxpayer bears the burdens of production and persuasion"); *United States v. Molitor*, 337 F.2d 917, 922 (9th Cir.1964) ("if [the taxpayer] had adduced no evidence contesting the *prima facie* proof arising from the assessment," the government would have been entitled to judgment for the assessed amount); *see also United States v. Rindskopf*, 105 U.S. 418, 422, 26 L.Ed. 1131 (1882) (assessment is *prima facie* evidence of amount due but may be contested). Here, the government satisfied its initial burden by introducing

---

4. Jury instructions are considered as a whole to determine if they are misleading or inadequate. *United States v. Beltran–Rios*, 878 F.2d 1208, 1214 (9th Cir.1989). An error in instructing the jury in a civil case does not require a reversal if it more probably than not is harmless. *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1337 (9th Cir.), *modified*, 773 F.2d 1049 (1985).

the assessment. Thereafter, the burden shifted to Mary Oliver to show that she was not liable for the assessment.

The district court's instruction on the burden of proof failed to explain that the government has the initial burden of proof on its counterclaim. " '[W]hen an appellate court ponders the probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than not untainted by the error.' " *Lucero v. Stewart*, 892 F.2d 52, 55 (9th Cir.1989) (quoting *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1459 (9th Cir.1983)); *see also Frank Briscoe Co., Inc. v. Clark County*, 857 F.2d 606, 612 (9th Cir.1988) ("erroneous instructions 'need only be more probably than not harmless' ") (quoting *Coursen*, 764 F.2d at 1337), cert. denied, 490 U.S. 1048, 109 S.Ct. 1957, 104 L.Ed.2d 426 (1989). Because the government clearly satisfied its initial burden by introducing the assessment, the district court's failure to inform the jury of that burden could not have tainted the verdict. *Cf. Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 554–56 (9th Cir.1983) (burden of proof instruction erroneous but harmless where no prejudice appeared from jury's possible interpretations of instruction), *aff'd*, 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985).

**B**

■ Mary Oliver next contends that the district court's instruction regarding the presumption of the assessment's correctness fatally prejudiced her trial. The challenged instruction reads as follows: "A presumption of validity attaches to an assessment of penalty tax and is established for the purposes of these proceedings simply by introduction of the Certificate of Assessments and Payments into evidence." Trial Proceedings at 448. Mary Oliver argues that this instruction was erroneous because it failed to explain that a minimal evidentiary foundation must be established before the presumption could arise. She asserts further that the presumption of the assessment's correctness should not be recognized in this case because the government did not reveal the factual basis of its assessment against her.

Mary Oliver correctly points out that the presumption of correctness would not arise unless it were supported by a minimal factual foundation. *See Stonehill*, 702 F.2d at 1293. Although courts generally do not look behind an assessment to evaluate the procedure and evidence used in making the assessment, courts recognize that, in rare cases, the assessment should not be accorded even a rebuttable presumption of correctness. *Ruth*, 823 F.2d at 1094. For example, the presumption may not arise if the assessment is without rational foundation or is arbitrary. *See United States v. Janis*, 428 U.S. 433, 441–42, 96 S.Ct. 3021, 3025–26, 49 L.Ed.2d 1046 (1976) (determining that because the assessment did not have any foundation in legally admitted evidence, the presumption of correctness would not apply). The district court's instruction failed to explain that a minimal factual foundation was necessary for the presumption to arise and thus was erroneous.

■ The district court's erroneous instruction will not require reversal unless it more probably than not tainted the verdict. *See Frank Briscoe Co., Inc.*, 857 F.2d at 612 (quoting *Coursen*, 764 F.2d at 1337). Although the court did not inform the jury that it should not afford the government's assessment a presumption of correctness without introduction of a minimal evidentiary foundation, in fact such foundation was introduced. According to the evidence offered, Baker Steel had failed to pay over the $72,602.21 in withheld taxes, and Mary Oliver prepared checks to pay other creditors, even as she knew that the withheld taxes had not been paid. This evidence sufficed to support a presumption. *See Edwards v. Commissioner*, 680 F.2d 1268, 1270–71 (9th Cir.1982) (per curiam) (mere evidence of ownership of income-generating business sufficient for presumption). *See generally Janis*, 428 U.S. at 441–42, 96 S.Ct. at 3025 (emphasizing complete absence of support for assessment, rendering it arbitrary). Thus, it is more than proba-

ble that the court's error did not affect the verdict.

■ Mary Oliver next argues that the district court's above-quoted instruction that the presumption of the assessment's correctness is "established for the purposes of these proceedings" misled the jury into believing that the presumption was not rebuttable. We disagree.

In *Psaty v. United States*, 442 F.2d 1154 (3d Cir.1971), the Third Circuit held that the district court erred in repeatedly instructing the jury that the assessment in a section 6672 refund action is presumed to be correct. The circuit court reasoned that because the district court "failed to furnish guidance to the jury as to the amount or quantity of proof required to dispel the presumption...., it is doubtful that the jury was able to distinguish this rule of law from the evidentiary facts." *Id.* at 1162. The *Psaty* Court also carefully noted, however, that reversible error does not necessarily result whenever a jury is instructed on the presumption of the assessment's correctness. *Id.*

In the instant case, Mary Oliver does not argue that the district court made repeated references to the presumption of correctness of the assessment in the jury instructions. Moreover, the jury in this case evidently did not think that the presumption was irrebuttable, for it found Herbert Oliver not liable for any of the quarters at issue and Mary Oliver not liable for three out of five quarters. Therefore, even if the district court erred in referring to the assessment's presumption of correctness in the jury instructions, any error on this point is harmless since the jury clearly was not misled. *See Frank Briscoe Co., Inc.*, 857 F.2d at 613 (error harmless where jury was not misled by confusing evidence); *cf. Taylor v. Burlington N.R.R. Co.*, 787 F.2d 1309, 1314–15 (9th Cir.1986) (per Kennedy, J.) (failure to instruct on issue raised by evidence harmless where jury's verdict on other issues mandated finding against party offering instruction). *See generally Pennsylvania R.R. Co. v. Olivit Bros.*, 243 U.S. 574, 584, 37 S.Ct. 468, 471, 61 L.Ed. 908 (1917) (erroneous instruction harmless

where other instructions presented the law correctly).

## III

■ Mary Oliver argues that her due process right was violated because the government failed to reveal the basis of its assessment against her. Although the government provided the taxpayers with a copy of the IRS's complete administrative file, this file, in the view of the Olivers, did not reveal the factual basis for the assessment. Oliver contends that she was thus denied an opportunity to challenge the basis of a presumptively correct assessment which she bore the burden of rebutting.

Oliver has not indicated that she was improperly foreclosed from conducting civil discovery efforts during the pendency of the suit below. She has not indicated objections to any motion denied, request refused, or evidence excluded which would now form the gravamen of her due process contention. Although several IRS employees would not respond to questions concerning the Olivers' specific case in pre-trial depositions, appellant does not now point to any evidence that she preserved an objection to the refusal or any limitation on her ability to explore the basis of the assessment at trial. *Cf. International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985) ("Matters not specifically and distinctly raised and argued in appellants' opening brief are not considered by this court."). Oliver has not provided this court with a copy of the purportedly lacking administrative file from which we could adjudge the materials' sufficiency.

We do not doubt that "[f]airness may indeed require that the taxpayer know the basis for an assessment." *Stonehill*, 702 F.2d at 1297. We have already concluded that the government established an evidentiary basis for the assessment. The district court did not limit its inquiry to a deferential review of the administrative record, but instead afforded the taxpayers a *de novo* trial with respect to the merits of their claim for a refund, thereby vesting

the Olivers with the usual discovery powers of a full adversary proceeding. *See Ruth*, 823 F.2d at 1094; *Revell, Inc. v. Riddell*, 273 F.2d 649, 658–59 (9th Cir. 1959), *cert. denied*, 364 U.S. 835, 81 S.Ct. 52, 5 L.Ed.2d 60 (1960). We perceive no violation of Mary Oliver's due process rights.

## IV

■ The Olivers next assert that the district court erred in denying their motion for attorney fees under the EAJA. The government, however, argues that the appropriate authority for awarding attorney fees in this case is found under 26 U.S.C. § 7430 and not the EAJA. Section 7430 [5] applies to civil tax actions or proceedings commenced after February 28, 1983. *Powell v. Commissioner*, 791 F.2d 385, 389 (5th Cir.1986) (citing Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, § 292(e)(1), 96 Stat. 324, 574.)

The government contends that section 7430 applies because the Olivers' refund suit was filed on September 6, 1984. The Olivers, however, argue that their action commenced no later than February 24, 1983, when the IRS notified the Olivers that the assessments against them were on appeal. We need not resolve this issue because under either section 7430 or the EAJA, the district court did not err in denying the Olivers' motion for attorney fees.

There is little dispositive difference between section 7430 and the EAJA. To be entitled to receive an award for attorney fees under section 7430, the taxpayer in this action must be a "prevailing party." 26 U.S.C. § 7430(c)(2) (1982) (current version at 26 U.S.C. § 7430(c)(4) (1988)). Such a prevailing party is defined by section 7430 as one "who has substantially prevailed with respect to the amount in controversy" or "has substantially prevailed with

respect to the most significant issue or set of issues presented." *Id.* § 7430(c)(2)(A)(ii). Moreover, a prevailing party may be awarded attorney fees under section 7430 only if the party shows that the position of the United States was "unreasonable." *Id.* § 7430(c)(2)(A)(i).[6]

Similarly, under the EAJA, the plaintiff must be a prevailing party in order to be entitled to attorney fees. 28 U.S.C. § 2412(d)(1)(A) (1988); *see also Greater Los Angeles Council on Deafness v. Community Television*, 813 F.2d 217, 220 (9th Cir.1987). Additionally, attorney fees may be awarded to the prevailing party under the EAJA only if the government fails to demonstrate that its position was "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 565–66, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

Here, it is clear that Herbert Oliver is a prevailing party because the jury found him not liable under section 6672 for any of the quarters at issue. Mary Oliver is arguably also a prevailing party as she was found not liable for three out of the five quarters assessed against her.

Nonetheless, the Olivers are not entitled to attorney fees, because, as the district court determined, the government's position here was "substantially justified" and "reasonable." "Section 6672 casts the net of liability over ... any 'responsible person' ... [and] not just the employer and not just the most responsible person." *Wright v. United States*, 809 F.2d 425, 427 (7th Cir.1987). It was not unreasonable for the government to assert that Herbert and Mary Oliver were liable under section 6672. Herbert Oliver was an officer and director of Baker Steel. He gave money to the corporation and accepted reimbursements from Baker Steel knowing that the withheld taxes had not been paid. Mary Oliver was a director of Baker Steel; she kept the corporate books and prepared checks for

---

**5.** We apply the version of section 7430 that was effective between February 28, 1983 and December 31, 1985.

**6.** Section 7430 was amended in 1986 to change the standard for awarding litigating costs from determining whether the government's position

was "unreasonable" to determining whether the government's position was not "substantially justified." However, because the Olivers' action predates the 1986 amendment, the "reasonableness" standard applies to this case.

other creditors knowing that the withheld taxes had not been paid. The district court, therefore, did not err in denying the Olivers' motion for attorney fees.

## V

■ The Olivers and their attorney, Chism, assert that the district court improperly imposed Rule 11 sanctions against Chism for filing the motion for attorney fees. In the motion for attorney fees, Chism essentially argued that the government's position was not "substantially justified" because the government never disclosed the bases for its assessments against the Olivers. Finding that such representations by Chism were "so unfounded, so erroneous as to be irresponsible," the district court concluded that Rule 11 sanctions were appropriate. We review the district court's imposition of Rule 11 sanctions for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* — U.S. —, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).

Although the argument advanced by Chism in support of his contention that the government's position was not substantially justified may have lacked persuasive force, the motion for attorney fees, as a whole, was not frivolous. *See Townsend v. Holman Consulting Corp.,* 914 F.2d 1136, 1140 (9th Cir.1990) (en banc) (frivolous pleading is both baseless and made without a reasonable and competent inquiry). The Olivers' motion for attorney fees is not so "legally unreasonable or without factual foundation" that it warrants Rule 11 sanctions. *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir.1987). Accordingly, we reverse the district court's imposition of Rule 11 sanctions.

AFFIRMED IN PART AND REVERSED IN PART.

REINHARDT, Circuit Judge, concurring:

I concur in the result. I write separately, however, because I believe that my colleagues misstate the law applicable to the burden of proof and the presumption of correctness of the IRS's assessment of taxes due. Although the majority opinion recognizes that the jury instructions on these issues were flawed, its analysis adds to rather than eliminates the confusion that presently exists.

The district court's instruction on the burden of proof was as follows: "The plaintiffs in this civil action have the burden of proof. That means that each plaintiff has to produce evidence which, considered in the light of all facts, leads you to believe that what each plaintiff claims is more likely true than not true." Regarding the presumption of correctness, the district court instructed the jury: "A presumption of validity attaches to an assessment of penalty tax and is established for the purposes of these proceedings simply by introduction of the Certificate of Assessments and Payments into evidence."

My colleagues correctly assert that these jury instructions were erroneous. They then attempt to explain what the instructions should have said. According to the majority opinion, the government has the initial burden of proof in an action to collect taxes, but it may satisfy this burden through the mere introduction into evidence of its assessment of taxes due. Part II.A of the opinion strongly suggests that a presumption of correctness automatically attaches to the government's assessment. If this were not the case, then the government could not have "satisfied its initial burden by introducing the assessment." Nevertheless, Part II.B concedes that "the presumption of correctness would not arise unless it were supported by a minimal factual foundation." These conflicting statements, both of which purportedly rely on *United States v. Stonehill,* 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied,* 465 U.S. 1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984), cannot be reconciled.

When read as a unified whole, rather than as a series of disjointed parts, *Stonehill* clearly sets forth the law to be applied in this case. Correctly stated, in an action to collect taxes, the government has the burden of proof. The government may satisfy its initial burden by introducing into evidence *both* its assessment of taxes due and a minimal factual foundation to support that assessment. Introduction of the assessment alone is insufficient. When the factual foundation is introduced, the assessment is presumed to be correct and the

government establishes a *prima facie* case. *Stonehill,* 702 F.2d at 1293; *see also Ruth v. United States,* 823 F.2d 1091, 1094 (7th Cir.1987) (government must show that its assessment has a "rational foundation" before the presumption of correctness will be recognized). At this point, the burden shifts to the taxpayer to rebut the presumption; if the taxpayer is successful, then the presumption disappears. *Stonehill,* 702 F.2d at 1294. The burden of proving taxes due then reverts to the government. *Id.*

The district court's instructions were erroneous because they were almost the exact opposite of what *Stonehill* requires. First, the judge told the jury that the Olivers, rather than the government, had the burden of proof. This was clearly wrong. Then he told the jury that the IRS's assessment was presumptively correct merely because the government had introduced the assessment, without more. This, too, was wrong, as it incorrectly stated the circumstances under which a presumption arises. The judge failed to tell the jury that minimal evidence in support of the assessment was also required. Thus, the jury could not possibly have understood how the burden of proof worked.

My colleagues hold that the burden of proof instructions were "more probably than not" harmless. I reject the conclusion that an error regarding a burden of proof instruction is simply a run of the mill mistake and that we may find it to be harmless if, upon a review of the record, we conclude that the prevailing party would have had a 51 percent chance of winning had the burden been placed on the right party. The burden of proof instruction is unlike any other in that it provides the basis by which the jury evaluates all evidence. For this reason, the Supreme Court has held that instructing the jury correctly regarding the burden of proof is of critical importance in a criminal case and that an error in this regard is of constitutional magnitude. *See Rose v. Clark,* 478 U.S. 570, 580–82, 106 S.Ct. 3101, 3107–08, 92 L.Ed.2d 460 (1986). The seriousness of the error is equally important in a civil case.

The majority cites no case on the appropriate standard for reviewing an erroneous burden of proof instruction in a civil case, nor do the parties. I note that some of our decisions involving ordinary jury instructions have applied a standard of prejudicial error. *See United States v. Espinosa,* 827 F.2d 604, 614 (9th Cir.1987) (quoting *Kisor v. Johns–Manville Corp.,* 783 F.2d 1337, 1340 (9th Cir.1986)), *cert. denied,* 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988); *Coursen v. A.H. Robins Co.,* 764 F.2d 1329, 1337 (9th Cir.1985). Whatever the appropriate standard for reviewing an erroneous burden of proof instruction, it is certainly no less than that.

I concur in the result because here there can be no dispute that the government introduced minimal evidence supporting its assessment of taxes due. Had the district court explained the government's obligation to introduce minimal evidence, the jury would unquestionably have found that this requirement had been satisfied. Therefore, the district court's failure to describe this requirement did not prejudice the Olivers, regardless of what standard we use to decide the question.