Kenneth G. RUHLAND, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 92–CV–1524.

United States District Court,
N.D. New York.

Dec. 28, 1993.

William J. Neild, P.C. (William J. Neild, of counsel), Rochester, NY, for plaintiff.

U.S. Dept. of Justice (Steven E. Cole, of counsel), Washington, DC, for defendant.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

On November 20, 1992, plaintiff initiated the instant lawsuit seeking a refund of amounts paid to the United States based on an assessment made under 26 U.S.C. § 6672. Since the time of the filing of the complaint, plaintiff has received a full refund of the amounts paid by him. Plaintiff now seeks to recover an award of costs and attorney's fees pursuant to 26 U.S.C. § 7430. Both the plaintiff and the defendant are moving for summary judgement as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The plaintiff was a 50% shareholder, officer and director of S & B Communication Inc. (hereinafter "S & B") during the third and fourth taxable quarters of 1988, when S & B was delinquent in paying its federal withholding taxes. After an Internal Revenue Service (hereinafter "I.R.S.") investigation, it was determined that plaintiff was the person responsible for S & B's willful failure to pay over its withholding taxes pursuant to 26 U.S.C. § 6672. During the third and fourth taxable quarters of 1988, the delinquency amounted to $15,356.74. Plaintiff paid the amount assessed against him, plus interest, and filed a claim for a refund with the I.R.S., alleging that he was not liable as the person responsible under section 6672. Plaintiff's claim was considered by the I.R.S. and was ultimately denied. Plaintiff then filed the present action seeking a refund of the amounts he paid towards the assessment.

Since the initial filing of the suit, plaintiff's counsel had discovered that S & B had entered into an installment agreement with the I.R.S. whereby S & B would paid off the delinquent withholding taxes for the third and fourth taxable quarters of 1988. The final payment was made on April 22, 1992. On February 23, 1993, after the information was confirmed by the I.R.S., plaintiff's counsel was informed that because of the I.R.S.'s policy of only collecting the trust fund taxes once, the I.R.S. would issue a refund to the amounts paid, plus interest. The issuance of the refund followed shortly thereafter.

Despite issuance of this refund, plaintiff continues to request a judicial determination that he is not a responsible person under section 6672, for the sole purpose of claiming an award of fees and costs under 26 U.S.C. § 7430.

## II. ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that the court may grant summary judgment where there are no genuine issues of material fact for trial. Fed. R.Civ.P. 56(c). If there are no genuine issues, the movant is entitled to judgment as a matter of law. When the movant meets this standard, the opposing party must present sufficient facts to demonstrate that there exists some genuine issues of material fact in order to defeat the movant's motion for summary judgment. An issue is *genuine* if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence in light most favorable to the party opposing the motion. *See Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987).

When the opposing party bears the ultimate burden of proof on a particular issue, such party may defeat a properly supported summary judgment motion by producing specific facts which demonstrate a genuine issue of material fact on that issue. *See Montana v. First Federal Savings and Loan Assoc. of Rochester*, 869 F.2d 100, 103 (2d Cir.1989); *see also Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Here, plaintiff bears the ultimate burden of proof.

The court will address the two pending motions for summary judgment *seriatim.*

### A. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant contends that the United States is entitled to summary judgment as a matter of law on two main issues. First, defendant contends that summary judgment should be granted on the issue of plaintiff's liability under section 6672 because plaintiff was already given his refund rendering the said issue moot. Second, it is also contended that defendant is entitled to summary judgment as a matter of law on the issue of costs and attorney's fees because the plaintiff has failed to demonstrate that he is a "prevailing party" under 26 U.S.C. § 7430.

### 1. MOOTNESS

■■■ "In general[,] a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980)). The requirement that a case be "live" applies to every stage of a court's proceedings. *R.C. Bigelow, Inc. v. Unilever N.V.,* 867 F.2d 102, 105 (2d Cir.1989). If a case is moot, then the court is without jurisdiction to address the merits of the litigation. *Id.* (citing *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)).

■■■ Defendant argues that if the court was to render a determination on the issue of liability under section 6672, the court would be rendering a meaningless decision since the decision would fail to have any impact on the parties in question. This is because plaintiff had already obtained the relief he had sought in this litigation. The defendant therefore contends that the issue of plaintiff's liability under section 6672 is moot. Plain-

tiff, on the other hand, alleges that the issue of liability under section 6672 is not moot because determination of the issue is required for the court to decide whether costs and attorney's fees will be awarded to plaintiff under 26 U.S.C. § 7430.

At this stage of the proceedings, it is the court's determination that there remains no substantive relief to be awarded to the plaintiff. Plaintiff has admitted that a full tax refund was already had by him. Consequently, since the relief plaintiff sought under the claim has already been obtained, there remains no ground for this court to decide on the issue of plaintiff's liability arising under section 6672. Simply stated, there is no longer a "live" controversy for this court to address. *See Unilever N.V.,* 867 F.2d at 105. Plaintiff's substantive claim under section 6672 is thus moot, and the defendant's motion for summary judgment is granted specifically on the issue of liability under section 6672.

It must be reminded that plaintiff's real interest in opposing defendant's motion for summary judgment is merely to preserve his status as a "prevailing party" for the purpose of obtaining costs and attorney's fees pursuant to 26 U.S.C. § 7430. Thus, it should be made clear at this juncture that the granting of summary judgment on the issue of liability under section 6672 does not affect or foreclose plaintiff's right to get costs and attorney's fees under section 7430. *See Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Operating Engineers Local Union No. 3 of International Union of Operating Engineers v. Bohn,* 737 F.2d 860, 863 (10th Cir.1984).[1] This is because different standards and burdens apply when one is being assessed under section 6672 as opposed to when one is seeking costs under section 7430. *Cf. Bohn,* 737 F.2d at 863. Since the court has found the issue of liability under section 6672 moot, the court will now turn to the issue of costs and attorney's fees under section 7430.

---

1. Although these cases were addressing the attorney's fees statute under the Equal Access to Justice Act, courts have stated that the standards under the said Act and section 7430 are the same. *See, e.g., Oliver v. United States,* 921 F.2d 916, 922 (9th Cir.1990) ("There is little dispositive difference between section 7430 and the EAJA); *Powell v. Commissioner,* 791 F.2d 385, 390 (5th Cir.1986).

### 2. 26 U.S.C. § 7430—"COSTS AND CERTAIN FEES"

■ The plaintiff has based his claim for costs and attorney's fees under 26 U.S.C. § 7430. Section 7430(a) declares that,

> **In general.**—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the *prevailing party* may be awarded a judgment or a settlement for—
>
> (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
>
> (2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430(a) (emphasis added).

■ A "prevailing party" party is defined as a party in a proceeding (1) "which establishes that the position of the United States in the proceeding was not substantially justified," and (2) which has substantially prevailed. 26 U.S.C. § 7430(c)(4). The plaintiff has the burden of establishing that he is entitled to the costs and attorney's fees under the said section. *See Zinniel v. Commissioner of Internal Revenue*, 883 F.2d 1350, 1356 (7th Cir.1989).

#### a) "Substantially Justified"

The Supreme Court has defined the term "substantially justified" to mean justified to a degree that could satisfy a reasonable person. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (EAJA case).[2] The standard of reasonableness require a reasonable basis both in law and in fact. *Id.* With this standard in mind, we now turn to the merits of the claim.

In the case at bar, the following facts are not in dispute. The last payment under the installment agreement between S & B and the I.R.S. was made on or about April 22, 1992. When plaintiff submitted his claim for a refund on or about October 30, 1991, $11,560.20 remained to be paid towards S & B's liabilities for the third and fourth quarters of

1988. When the plaintiff's claim for a refund was denied on or about March 17, 1992, $5,060.20 remained to be paid. When plaintiff filed the instant suit on or about November 20, 1992, all assessed tax liabilities for S & B were already paid in full by S & B.

Before we delve into an analysis of whether it was substantially justifiable for the defendant to believe that plaintiff was the person "responsible" under section 6672, the court must initially determine whether the I.R.S.' position that no refund was due to plaintiff was a substantially justifiable position. *See* 26 U.S.C. § 7430(c)(4); *see also Weiss v. Commissioner of Internal Revenue*, 850 F.2d 111, 116 (2d Cir.1988). In another words, the court need not address section 6672 at all if it is determined that it was unreasonable for defendant to deny plaintiff his refund in light of the fact that the assessed taxes were already paid or partly paid by S & B during the course of the proceedings. Thus, the key question then becomes was it substantially justifiable for defendant to deny plaintiff his refund, or at least part of his refund, when defendant had already received the said taxes from S & B. Looking at the facts in light most favorably to the non-moving party, *see Lopez*, 831 F.2d at 1187, the court cannot as a matter of law determine that defendant's position during the administrative proceedings and in this instant litigation was substantially justifiable. This is especially true when defendant was in a unique position to know whether it had already received the assessed tax from either the plaintiff or S & B. At a minimum, there is a genuine material issue of fact. Such determination cannot be made at this juncture because counsel for both parties have failed to address this specific issue in their papers submitted to this court.

This conclusion, however, is of no moment in the instant motion for summary judgment. This is because the plaintiff has failed to demonstrate the second prong of section 7430 which requires plaintiff to make an affirmative showing that he has substantially prevailed in the lawsuit. 26 U.S.C. § 7430(c)(4)(A)(ii).

---

**2.** *See supra* note 1.

### 2. *Substantially Prevail*

■ In order for the plaintiff to be a "prevailing party," 26 U.S.C. § 7430(4)(A)(ii) states that plaintiff must be a party who can demonstrate that he (1) "has substantially prevailed with respect to the amount in controversy, or (2) has substantially prevailed with respect to the most significant issue or set of issues presented." 26 U.S.C. § 7430(4)(A)(ii). Initially, a prevailing party must make a showing that his lawsuit played a "provocative role" in securing the result which the party had sought at the initiation of the lawsuit. *See Hendricks v. Bowen,* 847 F.2d 1255, 1258 (7th Cir.1988).[3] "[T]he fact that a plaintiff filed an action and subsequently achieved his desired relief is not enough. The lawsuit must play a 'provocative role' in securing the relief. [citation omitted]. If this element of causation does not exist, the plaintiff is not a prevailing party even though he appears to 'prevail.'" *Shephard v. Sullivan,* 898 F.2d 1267, 1271 (7th Cir.1990). Thus, it is pivotal for the plaintiff to demonstrate the causal connection between the lawsuit and the ultimate relief obtained. *See id.*

In the case at bar, plaintiff has initiated his lawsuit based on the theory that he was not a "responsible" person under 26 U.S.C. § 6672. His initial theory did not encompass the argument that he ought not have to pay the assessed taxes since S & B had already paid or promised to pay the said taxes. Plaintiff obtained the relief sought—a refund—soon after plaintiff had notified defendant of the fact that S & B had already paid its delinquent taxes.

Even if the facts are looked at in light most favorably to the plaintiff, the court cannot escape the conclusion that the instant lawsuit played no role in plaintiff obtaining the relief he had sought. There is not one scintilla of evidence demonstrating that plaintiff would not have received his refund but for his lawsuit against the defendant. The evidence indicates that the refund was returned to plaintiff hassle-free soon after defendant was informed of its mistake. There is nothing in the evidence to indicate that the result would have been any different if plaintiff had decided not to bring the instant lawsuit. Thus, plaintiff has simply failed to show the requisite nexus between the lawsuit and the refund, and as a result failed to satisfy the requirement of causation under 26 U.S.C. § 7430.

Consequently, the plaintiff cannot be found to be a "prevailing party" under 26 U.S.C. § 7430 and therefore, is not entitled to costs and attorney's fees under the said section. Summary judgment is granted to defendant in its entirety.

### B. *PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

Plaintiff's motion for summary judgment is denied for two reasons. First, the general rules for this district require all parties moving for summary judgment to annex to the notice of motion a "separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue." N.D.N.Y.Gen.R. 10(J). The failure to do so may be ground for the denial of the motion for summary judgment. In the case at bar, the plaintiff has failed to submit the said statement, and thus, the motion for summary judgment is denied.

The second and more important reason why plaintiff's motion for summary judgment is denied is because the determination of defendant's motion for summary judgment has rendered plaintiff's present motion moot.

## II. Conclusion

For the foregoing reasons, the court hereby grants defendant's motion for summary judgment in its entirety and deny plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

---

**3.** *Hendricks* involved the definition of "prevailing party" under the EAJA. Regardless of the statutory basis, the standard for defining "prevailing party" is the same under section 7430. *See supra* note 1.