John N. HAUF, Plaintiff,

v.

**INTERNAL REVENUE SERVICE (I.R.S.), Defendant and Counterclaim Plaintiff,**

v.

**Norman T. PINKARD, Defendant.**

No. 95–CV–0904.

United States District Court,
N.D. New York.

July 2, 1997.

Philip J. Vecchio, P.C., Philip J. Vecchio, Esq., East Greenbush, New York, Helm, Shapiro, Mark D. Lansing, Esq., Anito & McCale, P.C., Albany, New York, for Plaintiff John N. Hauf.

Hon. Thomas J. Maroney, United States Attorney for the Tax Division Northern District of New York, Glenn J. Melcher, Esq., U.S. Dept. of Justice, Albany, New York, for Defendant/Counterclaim Plaintiff I.R.S.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

Before the Court are two post-trial motions in the above-captioned matter. **Plaintiff John N. Haul** moves for judgment as a matter of law, or, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 50 and 59. Defendant/Counterclaim Plaintiff I.R.S. (hereinafter "defendant" or "Government") moves to amend the judgment pursuant to Fed.R.Civ.P. 59(e).

## I. BACKGROUND

This action arises out of plaintiff's alleged failure, as a "responsible person," to pay withholding taxes to the Government for the employees of HBP, Inc. for the first, second, third and fourth quarters of 1985 and the first quarter of 1986. Plaintiff filed his Complaint on July 3, 1995 seeking a refund of amounts collected from him and an abatement of the remaining balance assessed against him. The Government counterclaimed for the remaining balance due on the assessment in the amount of $71,943.54 plus interest from the date of the assessment.

The action proceeded to a jury trial on February 4, 1997. On February 6, 1997, the jury returned a verdict for the Government on plaintiff's claim, and the Clerk entered judgment accordingly.

Plaintiff now moves, pursuant to Fed. R.Civ.P. 50 and 59, for judgment as a matter of law, or in the alternative for a new trial. Defendant moves, pursuant to Fed.R.Civ.P. 59(e), to amend the judgment; specifically, defendant requests that this Court direct the Clerk to enter judgment for the Government on its counterclaim.

## II. DISCUSSION

### A. Plaintiff's Motion for Judgment as a Matter of Law:

#### 1. The Standard for Judgment as a Matter of Law:

The Second Circuit has established the standard for granting a judgment as a matter of law. The court in *Mattivi v. South African Marine Corp., "Huguenot"*, 618 F.2d 163 (2d Cir.1980), stated that:

> the trial court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury. Rather, after viewing the evidence in a light most favorable to the non-moving party (giving the non-movant the benefit of all reasonable inferences), the trial court should grant a judgment n. o. v. only when (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.

*Id.* at 167–68; *see Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir.1993); *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 688–89 (2d Cir.1983).[1] Rule 50 of the Federal Rules of Civil Procedure governs the procedure for granting judgment as a matter of law by motion made before the jury retires pursuant to Rule 50(a), or motion after the jury has spoken pursuant to Rule 50(b).

---

1. While the 1991 amendments to Rule 50 abandoned the terms "directed verdict" and "judgment not withstanding the verdict" in favor of the encompassing "judgment as a matter of law" terminology, the standard for granting the motions was not altered. *See* Fed.R.Civ.P. 50 Advisory Committee's note, 1991 Amendment.

Fed.R.Civ.P. 50; *see Samuels,* 992 F.2d at 14.

■ Plaintiff's counsel apparently do not understand this standard, or choose to ignore it. Rather, plaintiff's counsel spend most of their time pointing out alleged defects and misstatements of the law in the Government' opposition brief to plaintiff's motion. Moreover, plaintiff's motion is based in large part on alleged conversations between the Government's counsel and the jury after the verdict was returned, and the alleged threat of sanctions by the Government against plaintiff's counsel Mr. Vecchio. These matters are entirely irrelevant on the present motion and will be neither considered nor addressed. Suffice it to say that plaintiff would have been better served on this motion had his counsel limited their discussion to the sufficiency of the evidence adduced at trial.

■ Moreover, while plaintiff's motion ostensibly is styled, in the alternative, for a new trial, plaintiff's counsel fail even to acknowledge that a motion for a new trial is analyzed under a different standard.[2] Since, however, plaintiff is not entitled to relief under either standard, this oversight is of little import.

### A. Plaintiff's Motion:

Plaintiff first argues that he cannot be held liable for willful failure to collect, account for and pay over payroll taxes because the jury did not make a specific finding that he had actual knowledge of the failure prior to resigning and surrendering his stock.

■ First, plaintiff relies on *Finley v. United States,* 82 F.3d 966 (10th Cir.1996) for the proposition that actual knowledge is required for a finding of willfulness. As the Court instructed the jury, however, willfulness within the meaning of § 6672 also includes the reckless disregard for an obvious

or known risk of nonpayment. *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975); *see also Phillips v. I.R.S.,* 73 F.3d 939, 942 (9th Cir.1996); *Malloy v. United States,* 17 F.3d 329, 332 (11th Cir.1994); *Wood v. United States,* 808 F.2d 411, 415 (5th Cir.1987). By definition, such reckless disregard of an "obvious risk" is to be distinguished from actual knowledge of nonpayment. *See Phillips,* 73 F.3d at 942. Thus, as the Court instructed the jury, a "responsible person" may be found to have acted willfully if he " '(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily." *Wright v. United States,* 1995 WL 838984 at *11 (E.D.N.Y.) (quoting *Wright v. United States,* 809 F.2d 425, 427 (7th Cir.1987)); *see also Beeler v. United States,* 894 F.Supp. 761, 775 (S.D.N.Y.1995).

Plaintiff's insistence that the jury must find plaintiff had "actual knowledge," even where they are permitted to find willfulness when plaintiff "clearly *ought* to have known" of the risk of non-payment defies logic. Moreover, his argument is based upon a misreading of *Finley.* Specifically, when the Tenth Circuit noted that "[i]t is now clear that *the rule* is not triggered unless the responsible person received actual notice withholding taxes were not being remitted," *Finley,* 82 F.3d at 973 (emphasis added), the court was referring not to "willfulness" or "reckless disregard" in general, but rather to the "investigate-or-correct-mismanagement rule," which is only one of the "distinctive fact patterns" under which willfulness may be found. *Id.* at 972. Thus, plaintiff's reliance upon *Finley* is unavailing.

2. A less stringent standard applies to a motion to set aside the verdict and for a new trial pursuant to Rule 59(a). "A trial court should grant such a motion when convinced that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Katara v. D.E. Jones Commodities, Inc.,* 835 F.2d 966, 970 (2d Cir. 1987); *see Newmont Mines Ltd. v. Hanover Ins. Co.,* 784 F.2d 127, 132 (2d Cir.1986). Furthermore, the Court may weigh conflicting evidence

and need not view such evidence in the light most favorable to the nonmoving party. *See Song v. Ives Laboratories, Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992); *Iannone v. Frederic R. Harris, Inc.,* 941 F.Supp. 403, 409 (S.D.N.Y.1996). A trial judges's disagreement with the jury's verdict alone, however, is insufficient reason to grant the motion for a new trial. *Mallis,* 717 F.2d at 691; *see Saloomey v. Jeppesen & Co.,* 707 F.2d 671, 679 (2d Cir.1983).

■ Plaintiff next argues that the jury instruction regarding delegation of duties was erroneous. Specifically, plaintiff argues that

> [t]he jury was instructed that an officer cannot delegate his responsibility and authority. I believe that the jurors interpreted this instruction to mean that a determination already had been made that the president of a corporation *always* has this responsibility, otherwise there would be no need to discuss delegation.

(Pl. Mem. in Support at 3–4) (emphasis in original). This contention is easily disposed of, since it is based upon an erroneous recollection of the jury charge.[3] The Court in fact charged the jury that "*a person who is responsible for [withholding] taxes* cannot escape that responsibility by delegating it to others." This instruction is consistent with applicable law. *See Fiataruolo v. United States*, 8 F.3d 930, 939 (2d Cir.1993). Moreover, Mr. Vecchio's "belief" that "the jury presumed that John Hauf was a responsible person' because he was president of the Company and held the majority of the outstanding shares", (Pl. Mem. in Support at 3) is just that: a belief unsupported by citations to the record or relevant portions of the transcript. Moreover, the Court instructed the jury that "holding an office within a corporation does not, in and of itself, render an individual a responsible person."

Next, plaintiff argues that material and relevant evidence was erroneously excluded. If plaintiff's counsel had bothered to examine the record, however, he would have discovered that the Court reserved decision on the Government' motion *in limine* to exclude such evidence until such time as plaintiff sought to offer it. Plaintiff never did.

■ Lastly, plaintiff relies upon *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978) to argue that the Court erred in instructing the jury that plaintiff could be held responsible under § 6672 if after-acquired assets were not used to pay withheld payroll taxes due for periods *before* plaintiff became aware of the failure to pay

over. As the Court made clear to plaintiff's counsel at the charge conference, however, *Slodov* is distinguishable on its facts. The Supreme Court formulated the issue facing it in *Slodov* as follows:

> When the same individual or individuals who caused the delinquency in any tax quarter are also the "responsible persons" at the time the Government's efforts to collect from the employer have failed, and it seeks recourse against the "responsible employees," ... *there is no question that § 6672 is applicable to them. It is the situation that arises when there has been a change of control of the employer enterprise, here corporations, prior to the expiration of a tax quarter, or at a time when a tax delinquency for the past quarters already exists that creates the question for our decision.*

*Id.* at 245–46, 98 S.Ct. at 1784. As the Government points out, plaintiff was a 90% shareholder in HBP, Inc. from its inception. Thus, there was no change of control in which plaintiff became a shareholder after the tax liabilities in question were incurred. Thus, as the Court instructed the jury, "even if a responsible person did not know contemporaneously of the company's nonpayment of withholding taxes, he will be held liable for nonpayment with respect to any period during which he was a responsible person if, when he became aware of the delinquency, the company had liquid assets with which to pay the overdue taxes." Again, this charge was in accordance with applicable law. *See, e.g., Garsky v. United States*, 600 F.2d 86, 90–91 (7th Cir.1979).

In his reply brief, plaintiff additionally argues that the evidence adduced at trial did not support the jury's verdict that plaintiff wilfully failed to pay the withholding taxes. Specifically, plaintiff argues that

> [t]he evidence demonstrated that Plaintiff only knew of the unpaid taxes after he resigned his position and turned over his stock to Mr. Pinkard's solely owned corporation. This cessation of ownership was

---

3. Plaintiff's counsel's recollection may be faulty, at least in part, for failure to consult the transcript of the jury charge. Since plaintiff provid-

ed no relevant transcripts, the Court relies upon its own copy of the charge.

testified to by both Plaintiff and Mr. Pinkard, and evidenced by Government Exhibits G–7 ... and G–29.

(Pl. Reply Mem. at 4–5). Plaintiff, however, provides no portion of the transcript from which the Court may discern his or Pinkard's testimony in this respect. Moreover, the documentary evidence relied upon fails to establish that plaintiff's ownership had ceased when he discovered the unpaid taxes. Exhibit G–7 is an HBP, Inc. stock certificate formerly owned by plaintiff; on the reverse side is information regarding plaintiff's transfer of the stock to New Tech Systems and Leasing, Inc. The date of that transfer is not noted.

Moreover, G–29 is the Government's "Report of Interview with Persons Relative to Recommendation of 100–Percent Penalty Assessments" as to plaintiff, conducted on February 26, 1986. In that interview, plaintiff asserts that he first had knowledge of the unpaid taxes in December of 1985. Under the question of what status plaintiff held with the corporation, he responded "President 11/1/84—to be supplied (present)." In a similar interview one month later, plaintiff responded, to the same question, "resigned as officer prior to filing of Chapter 11 (2/86) and turned stock over to New Tech Systems and Leasing Co. Inc. for no consideration; subsequently had no connection with business." For plaintiff to argue that such evidence conclusively establishes that he did not learn of the unpaid taxes until after he resigned is specious at best.

Furthermore, plaintiff argues that the Government, in its opposition to the present motion, misunderstands the distinction between the "responsible person" and "wilfulness" factors under § 6672. Whether the Government understands this distinction in its memorandum is of no consequence; the Court is satisfied that its charge to the jury at trial (to which plaintiff raises no objection of merit) sufficiently informed the fact finder of the distinction.

■ The remainder of plaintiff's reply brief consists of speculative and conclusory arguments unsupported by citations to the record or relevant portions of the transcript. For example, plaintiff makes reference to testimony of plaintiff and Harold Wood that he claims is uncontroverted. Plaintiff provides no citations to, or portions of, the record in this respect. With all due respect to plaintiff's counsel, the Court is not willing to take their word for the substance of such testimony, nor for whether such testimony was uncontroverted. In the absence of specific citations to the testimony relied upon, such arguments must fail. *See, e.g., Raymo v. Textron, Inc.,* 846 F.Supp. 203, 206 (N.D.N.Y.1994) (plaintiff's motion for new trial denied where plaintiff failed to provide documents necessary to review issue), *aff'd,* 89 F.3d 826 (2d Cir.1995).

For all of the foregoing reasons, plaintiff's motion for judgment as a matter of law, or in the alternative, for a new trial, is denied.

### B. Defendant's Motion

The Government moves to amend the Court's judgment, entered February 6, 1997, to deny plaintiff's request for an abatement of the assessment against him and to enter judgment for the Government on its counterclaim. As the Government points out, its counterclaim and plaintiff's claims focused upon the same time period and the same taxes. The jury specifically found that plaintiff failed to prove that he was neither a "responsible person" nor "wilful" in his failure to pay the withholding taxes for the five quarters in issue.

■ While the Government bears the initial burden in an action to collect taxes, *see Oliver v. United States,* 921 F.2d 916, 919 (9th Cir.1990), it may satisfy that burden merely by introducing the relevant tax assessment into evidence. *Id.* Once introduced, the assessment is accorded a presumption of correctness "which serves to place the burden of production as well as the burden of persuasion on a plaintiff taxpayer who challenges section 6672 tax liability by seeking a refund of his partial payment[.]" *United States v. McCombs,* 30 F.3d 310, 319 (2d Cir.1994). The burden is on the taxpayer even where the Government is the plaintiff in an action to collect the taxes. *Id.*

The Government carried its initial burden by introducing into evidence the tax assess-

ment against plaintiff. (*See* G–1). Since the jury found that plaintiff failed to carry his burden of persuasion for any of the quarters in issue, the Government is entitled to judgment on its counterclaim.[4]

### III. Conclusion

For all the foregoing reasons, plaintiff's motion for judgment as a matter of law, or in the alternative, for a new trial, is DENIED. Defendant's motion to amend the judgment is GRANTED, and the Clerk is hereby directed to amend the judgment as follows:

IT IS FURTHER ORDERED AND ADJUDGED as to the cause of action for an abatement of the penalty assessed against the plaintiff, John Hauf, under 26 U.S.C. § 6672, the requested relief is denied, and

IT IS FURTHER ORDERED AND ADJUDGED that judgment is granted in favor of the UNITED STATES and against JOHN HAUF in the amount of $71,943.54 plus statutory interest from the July 21, 1986 date of assessment.

**IT IS SO ORDERED.**

---

4. Plaintiff concedes this result, arguing only that entry of judgment on the Government's counterclaim should be stayed pending the determination of his own motion. Since the Court has denied plaintiff's motion, judgment may be entered on the Government's counterclaim.