FILED

OCT 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THOMAS L. RYTHER, | No. 11-56022 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-04581-JHN-JCG |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Thomas L. Ryther appeals pro se from the district court's summary

judgment for the Internal Revenue Service ("IRS") in his action seeking a refund

of trust-fund recovery penalties imposed under 26 U.S.C. § 6672.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Buffalow v. United*

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*States*, 109 F.3d 570, 572 (9th Cir. 1997).  We affirm.

The district court properly granted summary judgment for the IRS on Ryther's refund claims because Ryther failed to establish a genuine dispute of material fact as to whether he was a "responsible person" at Knight Steel who acted willfully in failing to collect or pay over withheld trust-fund taxes.  *Purcell v. United States*, 1 F.3d 932, 936-38 (9th Cir. 1993) (discussing "responsible person" and "willfulness" elements required for imposition of personal liability under § 6672).

The district court properly granted summary judgment for the IRS on its counterclaim to reduce the unpaid assessments to judgment because the IRS introduced evidence of the assessments, and Ryther failed to present sufficient evidence to refute the presumption of their validity.  *See Oliver v. United States*, 921 F.2d 916, 919-20 (9th Cir. 1990) (setting forth burdens of proof in tax collection actions, and concluding that assessments were sufficiently supported by evidence that corporate bookkeeper paid other bills with knowledge that corporate taxes were unpaid).  Contrary to Ryther's contention, the district court properly determined that there was no triable dispute as to whether the IRS properly sent Ryther the notices required by § 6672(b).  *See* 26 U.S.C. §§ 6672(b) & 6212(b)(1) (requisite notice is sufficient if mailed to taxpayer's last known address).

Ryther's contentions that he is no longer liable for the trust-fund taxes because of the IRS's alleged failures to accept a partial payment and to collect the taxes during Knight Steel's bankruptcy proceedings are unpersuasive. *See, e.g.*, *Purcell*, 1 F.3d at 939 (for government to be estopped, aggrieved party must demonstrate "affirmative conduct going beyond mere negligence" and "that the government's act will cause a serious injustice and the imposition of estoppel will not unduly harm the public interest" (citation and internal quotation marks omitted)).

**AFFIRMED.**