**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2584 |
| Plaintiff - Appellee, | |
| v. | D.C. No.<br>2:19-cv-00421-DCN |
| EBENEZER K. HOWE IV, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| PHI DEVELOPMENT, LLC, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted June 22, 2026[**]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Ebenezer K. Howe IV appeals pro se from the district court's order of sale

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and summary judgment for the United States in its action to reduce to judgment income tax assessments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Healy v. Milliman, Inc.*, 164 F.4th 701, 705 (9th Cir. 2026). We affirm.

The district court properly granted summary judgment because Howe failed to raise a genuine dispute of material fact as to whether he was not liable for the assessments. *See Oliver v. United States*, 921 F.2d 916, 919-20 (9th Cir. 1990) (explaining that after the government introduces "into evidence its assessment of taxes due . . . the taxpayer then has the burden" of proving that he is not liable for the assessment); *see also Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) ("Official certificates, such as Form 4340, can constitute proof of the fact that the assessments actually were made.").

The district court did not abuse its discretion by denying Howe's motion to reopen discovery. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (setting forth the standard of review, and explaining that a movant must show that they diligently pursued their previous discovery opportunities and additional discovery would have precluded summary judgment).

We reject as unsupported by the record Howe's contentions that the district court acted improperly and that the United States has unclean hands.

We do not consider issues not specifically and distinctly argued in the opening brief. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

All pending motions and requests are denied.

**AFFIRMED.**

25-2584