**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. STEVEN M. BERESFORD; DIANA R. McKNIGHT, FKA Diana Beresford, Defendants - Appellants. | No. 24-5059 D.C. No. 3:21-cv-05345-JCC MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 22, 2026[**]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Steven M. Beresford and Diana R. McKnight appeal pro se from the district

court's summary judgment in the government's action to reduce to judgment

income tax assessments.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for the government because Beresford failed to raise a genuine dispute of material fact as to whether he was not liable for the assessment. *See Oliver v. United States*, 921 F.2d 916, 919-20 (9th Cir. 1990) (explaining that after the government introduces "into evidence its assessment of taxes due . . . the taxpayer then has the burden" of proving that he was not liable for the assessment); *Carter v. Comm'r*, 784 F.2d 1006, 1009 (9th Cir. 1986) (rejecting as "meritless" the argument that "income tax is voluntary").

We reject as unsupported by the record Beresford's contentions that the district court was biased against him, denied him due process, or otherwise acted improperly.

We do not consider issues not specifically and distinctly argued in the opening brief or issues raised for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

**AFFIRMED.**