EDWARD S. SMITH, Circuit Judge.
 

 This is an appeal by the United States from the December 17, 1985, judgment of the United States Claims Court that taxpayer was entitled to a theft loss deduction under section 165(c) of the Internal Revenue Code of 1954
 
 [1]
 
 for the loss caused by a painting which had a forged signature. Wolf Krahmer (taxpayer)
 
 [2]
 
 cross-appeals from that part of the judgment that held he was not entitled to a theft loss deduction for an unsigned painting which was not painted by the artist by whom it was represented to have been done. We affirm in part and reverse in part.
 

 Issues
 

 The issues are whether the Claims Court erred in holding that the existence of a forged signature on a painting entitled tax
 
 *1146
 
 payer to a theft loss deduction for 1977 as a matter of law, and whether the Claims Court erred in concluding that taxpayer failed to prove that he was entitled to a theft loss deduction for 1976 in the purchase of a painting which was not done by the artist to whom it was attributed.
 

 Background
 

 Between 1970 and 1975 taxpayer purchased a total of 50 paintings from an art dealer named Eilhard Mitscherlich for approximately $122,000. Two of these paintings form the basis of this suit for refund.
 

 In 1972, taxpayer purchased a painting said to be by Bruegel from Mitscherlich for $30,000. Several months later, Mitscherlich advised taxpayer that the painting was probably not by Bruegel and suggested that he return it. Mitscherlich offered to exchange it for another painting. Taxpayer declined one of the paintings offered and another was withdrawn. Taxpayer finally accepted a painting which Mitscherlich represented was by Nicholas Poussin, a 17th century painter, entitled “Landscape Out of Mythology” (the Poussin painting). In 1976 James Faek, head of Sotheby Park Bernet’s Old Master department, concluded that the painting was not by Poussin, but by his nephew, Gaspard Dughet. It was sold at auction in 1982 for $2,000, resulting in a $28,000 loss to taxpayer.
 

 In 1971, taxpayer had purchased a painting from Mitscherlich described as a “Portrait of Mrs. Chase in Spanish Dress,” purportedly by William Merritt Chase (the Chase painting), for $5,000. The painting was signed “W.M. Chase” and was valued by Mitscherlich at $7,500. In 1977, after having discovered the Poussin was not genuine, the painting was evaluated by Ronald Pisano, an expert in the works of Chase. He determined that the signature was a forgery and that the painting probably was not by Chase. Mitscherlich having died in 1979, the painting was sold in 1980 to Mitscherlich’s daughter for $300, which resulted in a $4,700 loss to taxpayer.
 

 In 1980, taxpayer filed a timely claim for refund for 1976 due to discovery of the $28,000 loss on the Poussin. No formal notice of disallowance of this claim was ever received. Also in 1980 he filed a claim for refund for 1977 for the $4,700 loss on the Chase. This claim was formally disallowed on July 1, 1981. Taxpayer filed a suit for refund in the United States Court of Claims
 
 [3]
 
 on November 30,1981. Following a 2-day trial in 1985, the Claims Court held that taxpayer was entitled to a theft loss deduction for the Chase painting as a matter of law because of the presence of the forged signature. The court also held that taxpayer failed to prove that Mitscherlich intentionally misrepresented the artist of the Poussin painting and, therefore, denied taxpayer a theft loss deduction for that painting. The trial court’s holding with respect to the alleged theft loss on the Poussin painting is affirmed; with respect to the question of the alleged theft loss on the Chase painting, the holding below is reversed.
 

 The Chase Painting
 

 In its analysis of the proper treatment for the loss suffered by taxpayer on the Chase painting, the Claims Court did not consider any evidence that Mitscherlich defrauded taxpayer. Instead, it relied solely on the existence of the forged signature on the painting, concluding that anyone who suffered a loss on purchase in the belief that the painting was by William Merritt Chase was the victim of a theft by false pretenses. The court analogized the sale of the painting with the forged signature to the passing of counterfeit money and stated that to reach a different result in those two events, simply because Mitscherlich himself did not have criminal intent, would be to draw a distinction between victims that is not commanded by statute and that is unwarranted and inequitable. The court
 
 *1147
 
 held that, by showing the forgery to be the cause of the loss, taxpayer had satisfied his burden.
 

 This court will not reverse the legal conclusions of the Claims Court unless they are incorrect as a matter of law.
 
 [4]
 
 The lower court’s holding that the mere existence of the forged signature on the painting was sufficient to prove a theft by false pretenses is incorrect as a matter of law, and we reverse it. The court cannot presume that a theft occurred based solely on the presence of a forged signature on the painting. Taxpayer still must prove that the seller defrauded him by knowingly and intentionally misattributing the painting to the artist.
 

 The Claims Court made no such findings here. However, remand on this issue is not necessary because the circumstantial evidence relied on by taxpayer to prove intent to defraud was the same for both the Chase and the Poussin paintings. In view of the Claims Court’s decision concerning the Poussin painting, remand is not required.
 

 The Poussin Painting
 

 The Claims Court carefully considered taxpayer’s evidence that Mitscherlich defrauded taxpayer by knowingly and intentionally misattributing the painting to Poussin. It studied the testimony of taxpayer’s experts regarding the errors in attribution by Mitscherlich not only of the Chase and the Poussin paintings, but also of six other paintings. It noted that, with some of these paintings, it was very difficult even for the experts to determine whether the painting was genuine. In addition, the court considered the manner in which Mitscherlich conducted his business. Buyers were allowed to take paintings for a period of time and then return them if they were not satisfied. Taxpayer himself returned about 12 paintings. The circumstances surrounding the sale of the Poussin itself tend to negate a showing of intent by Mitscherlich to defraud. Because the evidence of intent to defraud was not unequivocal with regard to the six paintings, the court found that taxpayer had not carried his burden of proving that Mitscherlich intentionally misled taxpayer concerning the Poussin.
 

 Taxpayer argues that the Claims Court placed too heavy a burden on him to prove Mitscherlich’s intent to defraud. Taxpayer correctly states that the appropriate burden is proof by a preponderance of the evidence. We do not agree that the Claims Court required taxpayer to meet a higher standard. The court recognized that it is difficult to prove intent in one situation using circumstantial evidence of intent in similar situations. The court’s acknowledgement of this difficulty does not amount to placing a higher burden of proof on taxpayer.
 

 This court reviews findings of fact made by the Claims Court under the clearly erroneous rule.
 
 [5]
 
 A finding is clearly erroneous when, “although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.”
 
 [6]
 
 Taxpayer has not shown that any of the court’s findings are clearly erroneous.
 

 The evidence relied upon by taxpayer to prove Mitscherlich’s intent to defraud him was the same for both the Poussin and the Chase paintings. As we have found no reason to disturb the Claims Court’s decision with regard to the Poussin, it follows that taxpayer has not proved that Mitscherlich intended to defraud him regarding the Chase.
 

 Conclusion
 

 Section 165(c) provides an income tax deduction for loss due to theft. In this case,
 
 *1148
 
 taxpayer failed to prove that either painting was sold with an intent to defraud him. Therefore, taxpayer is not entitled to a theft loss deduction for either painting. The judgment of the United States Claims Court concerning the Poussin painting is affirmed, and the judgment concerning the Chase painting is reversed.
 

 AFFIRMED IN PART; REVERSED IN PART.
 

 [1]
 

 . 26 U.S.C. (1982).
 

 [2]
 

 . Herta C. Krahmer is a party to this action solely because she filed a joint income tax return with her husband. Wolf Krahmer was the principal actor in the relevant transactions. Accordingly, "taxpayer” where used here refers to Wolf Krahmer.
 

 [3]
 

 . The suit filed in the Court of Claims was subsequently transferred to the Claims Court under the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, § 403(d), 96 Stat. 25, 58 (1982).
 

 [4]
 

 .
 
 Heisig v. United States,
 
 719 F.2d 1153 (Fed.Cir. 1983).
 

 [5]
 

 .
 
 See id.
 
 at 1158.
 

 [6]
 

 .
 
 United States v. United States Gypsum Co.,
 
 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948);
 
 see also SSIH Equip.
 
 S.A v.
 
 United States Int'l Trade Comm'n,
 
 718 F.2d 365 (Fed. Cir.1983).