Orris C. RUTH, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 86–1969.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 26, 1987.

Decided June 30, 1987.

Michael G. Boylan, Boylan & Neptune, Geneva, Ill., for plaintiff-appellant.

Steven W. Parks, Asst. Atty. Gen., Tax Div., Washington, D.C., for defendant-appellee.

Before CUDAHY, POSNER and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

Orris C. Ruth was found by a jury to be personally responsible for certain wage-withholding tax deficiencies of Custom Packaging Co. Accordingly, a judgment of approximately $64,000 plus statutory interest and fees was entered against him. Ruth appeals, alleging that the district court improperly instructed the jury on burdens of proof, that the court improperly excluded evidence of inadequate investigations undertaken by the IRS and that the evidence as a whole requires retrial. We reject these contentions and affirm.

## I.

Custom Packaging began as a partnership and was incorporated in the early 1970's. Ruth was one of its original stockholders; he eventually retained about 32% of its stock. From 1974 until June 1982, when Custom Packaging closed, Ruth occupied various positions in the company: he was secretary, secretary-treasurer and "special agent" of the company. For the entire period at issue in this case, Ruth's signature (along with that of the president, Duane Schultz) was required on every Custom Packaging check, and the company's annual reports indicate that Ruth was both secretary and treasurer of Custom Packaging.

In 1980 Custom Packaging failed to pay over to the IRS the taxes withheld from its employees' wages for the third and fourth quarters of 1979. To make up the deficiency, Ruth and Schultz reached an agreement with the IRS establishing an installment payment schedule, which Ruth signed as secretary-treasurer of Custom Packaging. Taxes attributable to the third quarter of 1979 were eventually paid. By 1982, however, Custom Packaging also failed to pay over taxes withheld from its employees' wages for the third and fourth quarters of 1981. In March of 1983, the IRS pursuant to section 6672 of the Internal Revenue Code,[1] assessed penalties of nearly $64,000 against Ruth. These penalties were with respect to unpaid wage withholdings attributable to the fourth quarter of 1979 and the third and fourth quarters of 1981.

Ruth paid the penalty attributable to one employee's wages for one quarter ($3.56) and then sued for a refund of that payment. The United States counterclaimed for the remainder of the assessment. After a jury trial, there was a verdict in favor of the United States and Ruth appeals.

## II.

### A. *Burden of Proof Jury Instruction*

██ Ruth contends on appeal that he was improperly required to prove that he was not liable under section 6672 as a "responsible person" who "willfully" failed to collect, account for or pay over taxes withheld from employees of Custom Packaging. According to Ruth, the government bears the risk of nonpersuasion if Ruth is able to present evidence attacking the correctness of the assessment. We disagree and conclude instead that the taxpayer

1. Section 6672 provides in pertinent part:
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. 26 U.S.C. § 6672(a) (1982). The IRS also assessed four other persons associated with Custom Packaging with higher penalties; none of these individuals is involved in this appeal.

bears the risk of nonpersuasion with regard to claims brought under section 6672.

The operation of section 6672 is well established in this circuit and elsewhere—responsible persons who succumb to the temptation to divert the ready cash of wage withholdings out of the clutches of the IRS face serious consequences. *See Purdy Co. v. United States,* 814 F.2d 1183 (7th Cir.1987); *Wright v. United States,* 809 F.2d 425 (7th Cir.1987); *Garsky v. United States,* 600 F.2d 86 (7th Cir.1979); *Haffa v. United States,* 516 F.2d 931 (7th Cir.1975); *see also Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978); *United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978); *Gephart v. United States,* 818 F.2d 469 (6th Cir.1987); *Wood v. United States,* 808 F.2d 411 (5th Cir.1987); *Godfrey v. United States,* 748 F.2d 1568 (Fed. Cir.1984). The elements of a violation of section 6672 are likewise well established: the taxpayer must be a "responsible person" who "willfully" fails to collect, account for or pay over a tax due under other provisions of the tax code. *See, e.g., Purdy Co.,* 814 F.2d at 1187–88; *Wright,* 809 F.2d at 427–28.

This circuit has not as yet specifically determined, however, how the burdens of producing evidence and persuading the jury are allocated in a section 6672 claim. We agree with the many courts that have held that once the government presents an assessment of liability, the taxpayer bears the burdens of production and persuasion.[2]

In general, of course, a taxpayer challenging a tax assessment in federal district court must first pay the full amount of the tax assessed and then pursue a refund. *Flora v. United States,* 357 U.S. 63, 78

S.Ct. 1079, 2 L.Ed.2d 1165 (1958); *Curry v. United States,* 774 F.2d 852 (7th Cir.1985); 28 U.S.C. § 1346(a)(1). The taxpayer in such a case bears the burdens both of production and of persuasion. *United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 3025, 49 L.Ed.2d 1046 (1976); *Krahmer v. United States,* 9 Cl.Ct. 49, 52 (1985), *aff'd in part and rev'd in part,* 810 F.2d 1145 (Fed.Cir.1987). Section 6672 claims are slightly different—although we hold here insignificantly so—because they involve "divisible" taxes. The taxpayer is permitted to challenge an assessment in the district court merely by paying a portion of the assessment and then seeking a refund. The government typically brings a counterclaim for the remainder of the tax due. If each moving party had the burden of production or persuasion, identical issues would be reviewed subject to inconsistent risks of nonpersuasion. This is untenable, and we agree with the several other courts which have concluded that the taxpayer must bear the risk of nonpersuasion as to all the issues presented by a section 6672 assessment case. *See supra* note 2. Thus we reject Ruth's claim of error based on jury instructions allocating the burdens of proof.

## B. Alleged Inadequacies in IRS Investigation

 Ruth contends that the district court improperly restricted his attempts to challenge the adequacy of the IRS investigation that led to the section 6672 assessment against him. Ruth sought to call the investigating IRS agent as a witness and to introduce sections of the IRS manual describing procedures to be followed when investigating a section 6672 case. Ruth is correct in arguing that the presumption of

---

**2.** *See, e.g., Calderone v. United States,* 799 F.2d 254 (6th Cir.1986); *In re USLIFE Title Ins. Co.,* 784 F.2d 1238 (5th Cir.1986); *Sinder v. United States,* 655 F.2d 729 (6th Cir.1981); *United States v. Pomponio,* 635 F.2d 293 (4th Cir.1980); *Fidelity Bank v. United States,* 616 F.2d 1181 (10th Cir.1980); *Mazo v. United States,* 591 F.2d 1151 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Hornsby v. IRS,* 588 F.2d 952 (5th Cir.1979); *Bolding v. United States,* 565 F.2d 663, 215 Ct.Cl. 148 (1977); *Anderson v. United States,* 561 F.2d 162 (8th

Cir.1977); *Higginbotham v. United States,* 556 F.2d 1173 (4th Cir.1977); *Psaty v. United States,* 442 F.2d 1154 (3d Cir.1971); *United States v. Lease,* 346 F.2d 696 (2d Cir.1965); *cf. Bernardi v. United States,* 507 F.2d 682 (7th Cir.1974), *aff'g* 74-1 U.S.Tax Cas. ¶ 9170 (N.D.Ill.1973) ("A party seeking a refund of a partial payment of a Section 6672 penalty assessment or the invalidation of that assessment has the burden of proving that the penalty assessment was erroneous."), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693 (1975).

correctness that accompanies an assessment can in rare cases be overcome by destroying the foundation of the assessment itself (in contrast to confronting the merits of the tax liability). However, Ruth misunderstands the scope of this approach.

In general, courts will not look behind an assessment to evaluate the procedure and evidence used in making the assessment. *E.g., Raheja v. Commissioner,* 725 F.2d 64, 66 (7th Cir.1984). Rather, courts conduct a *de novo* review of the correctness of the assessment, imposing the risk of nonpersuasion on the taxpayer. In certain quite limited circumstances, however, courts recognize that an assessment should not be accorded even a rebuttable presumption of correctness. For example, when the assessment is shown to be "without rational foundation" or "arbitrary and erroneous," the presumption should not be recognized. *See United States v. Janis,* 428 U.S. 433, 441–42, 96 S.Ct. 3021, 3025–26, 49 L.Ed.2d 1046 (1976); *Helvering v. Taylor,* 293 U.S. 507, 514–15, 55 S.Ct. 287, 290–91, 79 L.Ed. 623 (1935).

The district court properly declined to permit Ruth to conduct extensive inquiries into the procedures which produced the assessment in this case. The question at issue is whether Ruth was a responsible person who willfully violated section 6672 duties. As long as the procedures used and the evidence relied upon by the government to determine the assessment had a rational foundation, the inquiry focuses on the merits of the tax liability, not on IRS procedures. It is clear in the present case that the assessment had a rational foundation. The investigating agent conducted interviews with officers and employees of Custom Packaging, including Ruth, distributed questionnaires, reviewed extensive documentation of the affairs of Custom Packaging and notified Ruth of the likelihood of an assessment, inviting him to respond. This investigation resulted in assessments against five individuals associated with Custom Packaging. Nothing in Ruth's offer of proof showed that the investigation leading to the assessment was without any rational foundation. We cannot conclude that the district court abused its discretion in declining to admit evidence of mere procedural improprieties in the assessment.

## C. Sufficiency of Evidence

Ruth contends that a retrial is necessary because the burden of proof was improperly imposed and because relevant evidence was incorrectly excluded. Although we reject both claims of error, we construe Ruth's claim to include a challenge to the sufficiency of the evidence supporting the jury's finding that he was a responsible person who willfully failed to collect, truthfully account for or pay over withheld taxes on wages. We conclude, however, that the evidence was sufficient to support the jury's findings.

### 1. Responsible Person

■ Various factors identify an individual as a "responsible person" under section 6672. We have stated that the "key to liability" is significant control or authority over an enterprise's finances or general decision-making. *Purdy v. United States,* 814 F.2d at 1188 (citing *Haffa v. United States,* 516 F.2d 931 (7th Cir.1975); *Adams v. United States,* 504 F.2d 73, 75 (7th Cir. 1974)); *cf. Schwinger v. United States,* 652 F.Supp. 464, 467 (E.D.N.Y.1987) (listing relevant factors). The government presented evidence that Ruth's signature was required on every Custom Packaging check, that Ruth signed company documents as "secretary" or "secretary-treasurer," that his was a long-standing interest and participation in the company and that he attended several meetings dealing with tax problems confronting Custom Packaging. This was sufficient evidence from which a jury could find that Ruth was a responsible person.

### 2. Willfullness

■ In order to preserve the intended reach of section 6672, this court has concluded that willfullness may be established by a showing of gross negligence involving a known risk of violation. *Wright v. United States,* 809 F.2d at 427 (a responsible

person can be liable if she "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) [she] was in a position to find out for certain very easily"). The trial evidence showed that Ruth knew that Custom Packaging was constantly in tax difficulty, that its checking accounts were overdrawn and that its payroll checks were dishonored. Ruth discussed potential federal tax liabilities with other corporate officers. Despite this, Ruth continued to sign checks to creditors other than the IRS. This is sufficient to support the jury's conclusion that Ruth "willfully" violated section 6672 obligations.

### III.

The judgment of the district court is AFFIRMED.