935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald G. PAUTZ, Defendant-Appellant.
 No. 90-2347.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided June 11, 1991.
 
 Before CUDAHY, EASTERBROOK and RIPPPLE, Circuit Judges.
 
 ORDER
 
 1
 The United States filed this suit in the federal district court seeking to reduce to judgment a $166,000 income tax assessment against Donald G. Pautz for the years 1980-82 and 1985. The government sought to foreclose on a parcel of real estate Mr. Pautz allegedly owned; Mr. Pautz claimed that the real estate was actually owned by the "Don Pautz Family Trust" and that the government could not properly foreclose on the property to satisfy the tax judgment.
 
 
 2
 During 1975 and 1976, Mr. Pautz purchased two tracts of land totalling 39 acres as a joint tenant with his wife, Kate Dee Pautz, from Robert Hansen and his wife. On March 19, 1979, Mrs. Pautz quitclaimed her interest in the property to Mr. Pautz who in turn transferred it to Mrs. Pautz and Robert Hansen as trustees of the Don Pautz Family Trust. Both deeds were recorded on March 19th. An unrecorded "Declaration of Trust" named Mrs. Pautz and Robert Hansen as trustees and gave them "all the powers necessary ... to effectuate the purposes of the Trust." The purpose of the trust was "to sustain, protect and improve th[e] Trust Organization" and "to use th[e] Trust Organization as a plan for the achievement and improvement of a Life Purpose." The document did not name any beneficiaries.
 
 
 3
 On August 6, 1985, Mrs. Pautz and Robert Hansen conveyed the property by quitclaim deed to the Don Pautz Family Trust. This deed and a copy of the 1979 trust document were both recorded on August 6th.
 
 
 4
 In its motion for summary judgment, the government attached copies of the recorded deeds and the trust document. The government argued that trust was invalid under state law and that the purported transfer of the property to the trust was ineffective. In the alternative, the government argued that even if the trust was effective, the property was transferred fraudulently in an attempt to defeat the government's tax assessment. Mr. Pautz responded with an affidavit in which he stated, without support, that material issues of fact existed on the issues of whether the trust was a sham and whether the property was fraudulently transferred.
 
 
 5
 The district court denied Mr. Pautz' motion to dismiss and granted the government's motion for summary judgment. The court held that the Don Pautz Family Trust was not "a legally recognizable entity" under Wisconsin law and that the property in question belonged to Mr. Pautz. The court therefore concluded that the property was subject to foreclosure for payment of his income tax assessments.
 
 II.
 
 6
 Mr. Pautz first argues on appeal that the federal government does not have jurisdiction to order the foreclosure of the property in question because the state legislature has not yet purchased the property. This argument, based on article 1, section 8, paragraph 17 of the federal Constitution, is without merit. Paragraph 17 provides for congressional legislative power over the District of Columbia and federal enclaves. This section, however, does not bar the federal government from foreclosing a tax lien on property outside of the national capital or federal enclaves. The Constitution explicitly provides the federal government with the power to lay and collect taxes. See U.S. Const. art. 1, Sec. 8, p 1 ("Congress shall have Power To lay and Collect Taxes"); U.S. Const. amend. XVI ("Congress shall have power to lay and collect taxes on incomes"). Congress, in turn, has provided jurisdiction to the federal courts to enforce tax judgments and liens. 26 U.S.C. Secs. 7402 & 7403. Nothing more is required.
 
 
 7
 Appellant also claims that he was prejudiced by the district court judge's handling of his case. The government filed its complaint in this case on November 16, 1989. Pautz did not file an answer, instead he filed a motion to dismiss on December 7, 1989. The government did not respond to Pautz' motion, and the court did not act on the motion right away. On March 13, 1990, the government filed a motion for summary judgment. Pautz filed a reply, and the court ruled on both his motion and the government's on April 26, 1990. Pautz claims that the 137-day delay in ruling on his motion to dismiss was "very irregular and unjust," but he does not support this argument by explaining how his interests were affected by the court's action.[1]
 
 
 8
 Pautz also claims that he had the right under Fed.R.Civ.P. 12(a)(1) to file an answer to the government's complaint once the district court ruled on his motion to dismiss. Since there was a pending motion for summary judgment, however, the filing of the answer became irrelevant. Pautz had the duty under Fed.R.Civ.P. 56(e) to respond to a properly filed and supported motion for summary judgment by submitting evidence in addition to his complaint, his answer, or any other pleadings. United Ass'n of Black Landscapers v. City of Milwaukee, 916 F.2d 1261, 1265 (7th Cir.1990). Although Pautz claims that "private trust documents" exist that reveal pertinent information about the family trust--like the names of its beneficiaries--he failed to present these documents to the court when he was explicitly notified of his duty to respond to the government's motion for summary judgment.[2] Thus, Mr. Pautz failed to meet his burden of proof at the summary judgment stage.
 
 
 9
 Finally, Mr. Pautz claims that the taxes assessed against him were inflated and inaccurate. The district court held that Mr. Pautz failed to provide "cogent objections" to the assessment, but, on appeal, Mr. Pautz argues that the 1985 assessment was 14 times higher than it should have been and that government committed fraud in calculating his back taxes. Issues raised for the first time on appeal are waived. Consolidated Bearings Co. v. Ehret-Krohn Corp., 913 F.2d 1224, 1232 n. 9 (7th Cir.1990). It appears from the record that Mr. Pautz failed to raise these arguments in the district court. Even if he had, however, Mr. Pautz cannot collaterally attack the judgment of the Tax Court that assessed his 1980-82 tax liability--his remedy would be to appeal the Tax Court's judgment on the merits. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-99 (1981). As for his 1985 assessment, Mr. Pautz bore the burden of proving that this presumptively accurate tax assessment was incorrect, see Ruth v. United States, 823 F.2d 1091, 1093 (7th Cir.1987) (once government introduces assessment burden shifts to taxpayer to show error), and he failed to offer any evidence of inaccuracy or fraud.
 
 III.
 
 10
 In sum, the decision of the district court ordering foreclosure of Mr. Pautz' property to satisfy a portion of his tax assessment is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Mr. Pautz likewise fails to support his argument that the district court failed to assist him with discovery disputes with the government. Although he claims to have been denied important documents that he needed to defend his case, he does not allude to the nature of the documents or how they would have assisted his defense
 
 
 [2]
 Mr. Pautz seems to suggest that these documents were not presented to the court because the government failed properly to serve the trust as a separate party. Although this contention is not supported by the record, even if the trust were not properly served, Mr. Pautz was served and was independently responsible for protecting his interests at the summary judgment stage of the lawsuit. His failure to provide these documents (which presumably are in his possession or readily available to him) to rebut the government's arguments resulted in summary judgment being entered against him