T.C. Memo. 1998-316

UNITED STATES TAX COURT

DENNIS R. ANDREWS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18990-96.                    Filed September 2, 1998.

Thomas S. Botkin and Ralph A. Caruso II,[1] for petitioner.

Brian M. Harrington, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, Judge:  Respondent determined deficiencies in and
additions to petitioner's Federal income taxes as follows:

_____

[1]     After the trial of this case, Ralph A. Caruso II filed a
Motion to Withdraw which was granted by the Court.

|      |            | Additions to Tax | |
|------|------------|------------------|----------|
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
| 1991 | $13,997    | $3,499.25        | $811.54  |
| 1992 | 10,926     | 2,731.50         | 476.54   |
| 1993 | 9,575      | 2,393.75         | 401.18   |
| 1994 | 9,406      | 2,351.50         | 488.12   |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision are: (1) Whether the notice of deficiency is arbitrary and excessive and therefore lacks presumptive correctness; (2) whether petitioner is liable for the deficiencies in taxes as determined by respondent; and (3) whether petitioner is liable for the additions to tax as determined by respondent.

FINDINGS OF FACT

The parties submitted the instant case fully stipulated. The stipulated facts are incorporated herein by reference and are found as facts in the instant case. Petitioner resided in Warsaw, Indiana, at the time he filed his petition.

In a letter to respondent dated July 18, 1994, petitioner stated that he is not a resident or citizen of the United States, but that he is a "Natural human being of the Indiana Republic", questioned respondent's delegation of authority to operate in a foreign capacity in the "united American Republic (Indiana)", and

stated that he had no income from a source within the United States or effectively connected to a trade or business within the United States. On July 19, 1994, petitioner executed a document entitled "AFFIDAVIT OF REVOCATION & RESCISSION OF SIGNATURE AND POWER OF ATTORNEY" in which document he stated that he revoked all signatures on any and all instruments related to his Social Security number and his Federal income tax returns. On April 18, 1995, respondent received from petitioner a document entitled "NOTICE: A SPECIAL LEGAL ADMINISTRATIVE EVIDENTIARY INSTRUMENT" in which document petitioner asserted that he does not reside and never resided "in this state", "in the state" or "any federal area", that he is not a "U.S. Citizen", "U.S. Person", or "U.S. Individual", and that he "is a sovereign Indiana citizen, living and working in the Indiana Republic, which is distinct and separate from any Federal area."

Petitioner did not file Federal income tax returns for the years in issue. On January 5, 1996, respondent sent a letter to petitioner concerning his failure to file returns for the years in issue and requesting that he either file returns or assist the tax auditor in preparing returns for him. Respondent's letter also indicated that if petitioner failed to cooperate, returns would be prepared based upon information received by the Internal Revenue Service (IRS). On January 26, 1996, respondent mailed to petitioner a report proposing adjustments for the years in issue.

In response to respondent's January 26, 1996, letter, petitioner, in a discursive letter to respondent dated February 22, 1996, claimed "Nontaxpayer" status, maintained that "Title 26 is NOT positive law", refused to "volunteer to be a taxpayer", asserted that he was outside the jurisdiction of the IRS and the Courts, and claimed that respondent's attempt to collect money from him is "straight fraud".

Respondent's Information Return Master File (IRMF) indicates that several payors issued information returns to petitioner as follows:

| Tax Year | Payor | Form | Type of Income | Amount |
|----------|-------|------|----------------|--------|
| 1991 | The Jada Co. Inc. | W-2 | Wages | $2,990 |
| 1991 | The Jada Co. Inc. | 1099-MISC | Rents | 10,200 |
| 1991 | Starkey Lab., Inc. | 1099-MISC | Nonemployee Comp. | 2,400 |
| 1991 | Starkey Lab., Inc. | 1099-MISC | Nonemployee Comp. | 200 |
| 1992 | Starkey Lab., Inc. | 1099-MISC | Nonemployee Comp. | 3,900 |
| 1992 | Matol Botanical Inter. | 1099-MISC | Nonemployee Comp. | 63 |

Respondent's IRMF also indicates that one payee, Inland Mortgage Corporation, reported, on Form 1098, that petitioner paid mortgage interest during the years in issue as follows:

| Tax Year | Amount |
|----------|--------|
| 1991 | $6,521 |
| 1992 | 6,000 |
| 1993 | 6,973 |
| 1994 | 6,380 |

On June 4, 1996, respondent issued to petitioner the statutory notice of deficiency for the years in issue.

In determining petitioner's tax deficiencies, respondent utilized the information as set forth above relating to the Forms W-2, 1099, and 1098, and certain Consumer Expenditure Surveys released by the U.S. Department of Labor, Bureau of Labor Statistics.

OPINION

1. Burden of Proof

The threshold issue for decision concerns the placement of the burden of proof. Petitioner argues that although respondent's determinations contained in a notice of deficiency are generally presumed to be correct, when respondent's determinations are based upon an alleged underreporting of income the presumption of correctness "evaporates", citing Zuhone v. Commissioner, 883 F.2d 1317 (7th Cir. 1989), affg. T.C. Memo. 1988-142. Accordingly, petitioner contends, the burden of proof in the instant case has shifted to respondent. Respondent counters that the burden of proof remains with petitioner because evidence linking petitioner to an income-producing activity has been provided, and, in any event, that petitioner does not deny receiving unreported income.

In general, the Commissioner's determinations contained in a notice of deficiency are entitled to a presumption of correctness, and the taxpayer has the burden of proving them

incorrect.[2]  Rule 142(a); <u>United States v. Janis</u>, 428 U.S. 433, 441-442 (1976); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); <u>Gold Emporium, Inc. v. Commissioner</u>, 910 F.2d 1374, 1378 (7th Cir. 1990), affg. <u>Malicki v. Commissioner</u>, T.C. Memo. 1988-559. If, however, the taxpayer demonstrates that the Commissioner's determinations are arbitrary and excessive or without rational foundation, then the presumption no longer applies.[3]  <u>Pittman v.</u>

---

[2]  The Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726-727, added sec. 7491, which shifts the burden of proof to the Secretary in certain circumstances.

However, sec. 7491 is applicable to "court proceedings arising in connection with examinations commencing after the date of the enactment of this Act." RRA 1998, sec. 3001(c).  The Internal Revenue Service Restructuring & Reform Act of 1998 was enacted on July 22, 1998, and, accordingly, neither party argues that sec. 7491 is applicable to the instant case.

[3]  On brief, petitioner cites <u>Anastasato v. Commissioner</u>, 794 F.2d 884 (3d Cir. 1986), vacating and remanding T.C. Memo. 1985-101, for the proposition that respondent bears the burden of proving that the deficiency notice is not arbitrary or erroneous where it is based upon alleged unreported income.  Petitioner, however, misconstrues <u>Anastasato</u>.  Respondent does not have the burden to prove that the deficiency notice is not arbitrary; rather, petitioner has the burden to prove that the deficiency notice is arbitrary.  See <u>Anastasato v. Commissioner</u>, 794 F.2d 884, 887 (3d Cir. 1986) ("If the taxpayer rebuts the presumption by showing that it is arbitrary and erroneous * * * the presumption disappears."); see also <u>Pittman v. Commissioner</u>, 100 F.3d 1308, 1313 (7th Cir. 1996) ("Thus, to rebut the presumption of correctness and shift the burden to the Commissioner, the taxpayer must demonstrate that the Commissioner's deficiency assessment lacks a rational foundation or is arbitrary and excessive." (Citations omitted.)), affg. T.C. Memo. 1995-243; <u>Gold Emporium, Inc. v. Commissioner</u>, 910 F.2d 1374, 1378 (7th Cir. 1990) ("If the taxpayer demonstrates that the assessment is arbitrary and excessive or without factual foundation, then the presumption no longer applies." (Citation omitted.)), affg.
(continued...)

<u>Commissioner</u>, 100 F.3d 1308, 1317 (7th Cir. 1996), affg. T.C. Memo. 1995-243; <u>Gold Emporium, Inc. v. Commissioner</u>, <u>supra</u> at 1378; <u>Zuhone v. Commissioner</u>, <u>supra</u> at 1325-1326; <u>Ruth v. United States</u>, 823 F.2d 1091, 1094 (7th Cir. 1987).

In asking this Court to hold that the notice of deficiency is arbitrary, petitioner is asking us to explore the underpinnings of that notice.  As a general rule, we will not look behind the statutory notice to examine the evidence used in making the determination.  <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 688 (1989); <u>Llorente v. Commissioner</u>, 74 T.C. 260, 264 (1980), affd. in part, revd. in part and remanded 649 F.2d 152 (2d Cir. 1981); <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974).  Courts have identified an exception to the general rule where the Commissioner, in a case involving unreported income, introduces no direct evidence but rests on the presumption of correctness and the taxpayer challenges the

---

[3](...continued)
<u>Malicki v. Commissioner</u>, T.C. Memo. 1988-559; <u>Zuhone v. Commissioner</u>, 883 F.2d 1317, 1325, 1326 (7th Cir. 1989) ("If the taxpayer establishes that the Commissioner's determination is arbitrary, courts generally shift the burden of production to the Commissioner." (Citation omitted.)  "If the taxpayer is successful in showing that the assessment is arbitrary and excessive or without factual foundation, the presumption drops from the case."), affg. T.C. Memo. 1988-142; <u>Ruth v. United States</u>, 823 F.2d 1091, 1094 (7th Cir. 1987) ("when the assessment is shown to be 'without rational foundation' or 'arbitrary and erroneous,' the presumption should not be recognized." (Citations omitted.)).

deficiency on the grounds that it is arbitrary.[4] <u>Portillo v. Commissioner</u>, 932 F.2d 1128, 1133 (5th Cir. 1991), affg. in part, revg. in part and remanding T.C. Memo. 1990-68; <u>Schad v. Commissioner</u>, 87 T.C. 609, 618 (1986), affd. without published opinion 827 F.2d 774 (11th Cir. 1987); <u>Llorente v. Commissioner</u>, <u>supra</u> at 264; see also <u>Senter v. Commissioner</u>, T.C. Memo. 1995-311.

Petitioner relies on <u>Portillo</u> as support for his position that the notice of deficiency in the instant case is arbitrary and therefore not entitled to the normal presumption of correctness.  The Court of Appeals for the Fifth Circuit, however, has recently distinguished <u>Portillo</u> in <u>Parker v. Commissioner</u>, 117 F.3d 785 (5th Cir. 1997).  As in the instant case, the taxpayers in <u>Parker</u> failed to file income tax returns for the years in issue, yet relied upon <u>Portillo</u> for the proposition that the usual presumption of correctness should not apply because the Commissioner's determinations of unreported income were based upon Forms 1099 and W-2.  The Court of Appeals for the Fifth Circuit stated:

> In <u>Portillo</u>, the IRS issued a notice of deficiency when it discovered that the taxpayer had reported substantially less income from a particular payor than

---

[4]    "[T]he reason behind the burden-shifting principle in an unreported income case is that the taxpayer bears the difficult burden of proving the non-receipt of income."  <u>Sealy Power, Ltd. v. Commissioner</u>, 46 F.3d 382, 386 (5th Cir. 1995), affg. T.C. Memo. 1992-168.

that payor had reported in its Form 1099.  We found that the Commissioner "arbitrarily decided to attribute veracity to [the third-party payor] and assume that [the taxpayer's] Form 1040 was false."  [Portillo v. Commissioner, 932 F.2d at 1134.]  In Portillo, the Commissioner's determination was arbitrary because the Commissioner offered no factual basis for accepting one sworn statement, the Form 1099, while rejecting another sworn statement, the taxpayer's Form 1040.

Portillo did not hold that the IRS must conduct an independent investigation in all tax deficiency cases. In this case, the Commissioner has not arbitrarily found the third-party forms credible:  the Parkers never filed a Form 1040 or any other document in which they swore that they did not receive the payments in question.  The Commissioner has no duty to investigate a third-party payment report that is not disputed by the taxpayer.

Parker v. Commissioner, supra at 786-787.[5]

Like the taxpayers in Parker, petitioner in the instant case never filed a Form 1040 or any other document in which he swore that he did not receive unreported income.  We find it significant that nowhere in petitioner's petition, trial

---

[5]     Petitioner does not cite Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997), in his trial memorandum, brief, or reply brief.  On brief, petitioner cites Portillo v. Commissioner, 932 F.3d 1128 (5th Cir. 1991), affg. in part, revg. in part and remanding T.C. Memo. 1990-68, for the proposition that "Respondent is not allowed to blindly accept the veracity of tax forms submitted by third parties when rendering proposed deficiencies", but "is required to investigate the books, receipts and other records of the third parties submitting these forms to determine whether the forms are correct."  Petitioner's failure to mention the holding in Parker, that no such investigation is required where, as in the instant case, the taxpayer does not file a Form 1040 or other sworn document denying receipt of unreported income, does little to instill faith in petitioner's candor toward the Court.  We generally expect more from counsel representing parties appearing before this Court.

memorandum, brief, or reply brief does he state any facts tending to indicate that he did not receive unreported income.[6] Petitioner's sole strategy in the instant case has been to obfuscate rather than enlighten.

Moreover, respondent has at least established in the instant case a minimal predicate for the determination. The evidence stipulated by the parties indicates that petitioner received wages, rents, and nonemployee compensation from several payors and that he made interest payments on a home mortgage. Additionally, the use of data compiled by the Bureau of Labor Statistics is an acceptable and reasonable method of income reconstruction. Pollard v. Commissioner, 786 F.2d 1063, 1066 (11th Cir. 1986), affg. T.C. Memo. 1984-536; Burgo v. Commissioner, 69 T.C. 729, 749 (1978); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Giddio v. Commissioner, 54 T.C. 1530, 1532 (1970). It was not arbitrary for respondent to determine that petitioner had income in an amount at least equal to the normal cost of

---

[6]     See White v. Commissioner, T.C. Memo. 1997-459 ("We observe that upon receipt of a notice of deficiency determining unreported income, a taxpayer can reasonably be expected to support an allegation that the Commissioner erred in determining a deficiency in tax by stating facts tending to show that the taxpayer was unemployed, earned a lower amount of income, or otherwise did not receive the payments reported to respondent by third-party payors.").

supporting his family.[7]  "All that is required to support the presumption is that the Commissioner's determination have some minimal factual predicate."  Pittman v. Commissioner, 100 F.3d at 1317.

The evidence of unreported income offered by respondent is uncontroverted by petitioner.  Consistent with Parker v. Commissioner, supra, we hold that the presumption of correctness properly attached to respondent's determinations, and petitioner bears the burden of demonstrating that they are erroneous.  See White v. Commissioner, T.C. Memo. 1997-459 ("In short, petitioner's assertion that respondent erred in relying on reports from third-party payors in determining the deficiencies in dispute, standing alone, carries no weight.").[8]

---

[7]     The parties stipulated that during the years in issue petitioner "was married and was legally responsible for one dependant [sic] child."

[8]     Sec. 6201(d),amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 602, 110 Stat. 1452, 1463 (1996), is effective as of July 30, 1996.  Sec. 6201(d) provides that if the taxpayer, in a court proceeding, asserts a reasonable dispute with respect to the income reported on an information return, and fully cooperates with the Commissioner, then the Commissioner shall have the burden of producing reasonable and probative information in addition to the information return.  See McQuatters v. Commissioner, T.C. Memo. 1998-88; Dennis v. Commissioner, T.C. Memo. 1997-275; Hardy v. Commissioner, T.C. Memo. 1997-97.
    Neither party addressed the applicability vel non of sec. 6201(d) to the instant case.  Sec. 6201(d) does not apply to petitioner's 1993 and 1994 taxable years because there was no income reported on an information return for those years.  As for petitioner's 1991 and 1992 taxable years, we conclude that petitioner has not asserted a reasonable dispute with respect to
(continued...)

## 2.  Whether Petitioner Is Liable for the Deficiencies

Petitioner presented no affirmative evidence that respondent's determinations are erroneous.  On this record, we sustain respondent's determinations.

## 3.  Section 6651(a)(1) Failure To File Timely

For each year in issue respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for his failure to file a Federal income tax return.  Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent.  The addition to tax for failure to file a return timely will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).

There is no evidence in the record that suggests that petitioner's failure to file a Federal income tax return for any year in issue was due to reasonable cause and not due to willful

---

[8](...continued)
any item of income reported on an information return.
Petitioner:  (1) Never filed a Form 1040 or any other document in which he swore that he did not receive unreported income; (2) failed to state any facts tending to indicate that he did not receive unreported income; and (3) failed to deny that he received any item of income reported on an information return. Furthermore, petitioner offered no evidence that he fully cooperated with respondent, and the limited evidence in the record suggests otherwise.

neglect. To the contrary, his asserted reasons for refusing to file returns are patently frivolous. Consequently, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6651(a)(1) for the years 1991 through 1994.

4. Section 6654 Failure To Pay Estimated Tax

For each year in issue respondent determined that petitioner is liable for the additions to tax under section 6654 for his failure to make estimated tax payments. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the amount required under the statute, imposition of the addition to tax under section 6654 is automatic, unless the taxpayer shows that one of the statutory exceptions applies. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden to show qualification for such exception. Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). The record does not show that he qualifies for any exception; therefore, we hold that he is liable for the additions to tax under section 6654 for the 1991 through 1994 taxable years.

To reflect the foregoing,

Decision will be entered

under Rule 155.