**Bernard GITLOW, Plaintiff,**

v.

**UNITED STATES of America, Defendant–Third Party Plaintiff,**

v.

**Bernard Stein, et ano., Third Party Defendants**

**No. 02 Civ.7626(LAK).**

United States District Court, S.D. New York.

May 25, 2004.

Joseph A. Pantoja, Assistant United States Attorney, David N. Kelley, United States Attorney, New York City, for Third Party Plaintiff.

Bernard Stein, Miami, FL, Third Party Defendant pro se.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This matter is before the Court on the motion of the defendant—third party plaintiff United States of America for summary judgment on its claim against third party defendant Bernard Stein.

### Facts

The government here seeks to recover a trust fund recovery penalty assessed by the Internal Revenue Service ("IRS") against Mr. Stein as a responsible person pursuant to 26 U.S.C. § 6672 for the delinquent Form 941 taxes of Astro Support of South Florida, Inc. ("Astro") for the 1995 tax year and the first tax quarter of 1996.

The evidence submitted by the government shows that a responsible IRS employee determined that Astro owed a total of $212,814.08 in delinquent tax for the five relevant quarters and recommended that

Mr. Stein and others be assessed a trust fund recovery penalty in the amount of $175,215.30. A duly authorized delegate of the Secretary of the Treasury thereafter assessed against Mr. Stein a 100 percent penalty in the amount of $175,215.30 for Astro's unpaid trust fund tax liability. The unpaid balance of that penalty as of January 30, 2004 was $177,467.97 with interest and statutory additions running from that date and with certain other additions not here in dispute. For reasons explained in the agent's declaration, that figure, as of January 30, 2004, must be adjusted upward by $38,910.10. Hence, the total amount allegedly due and owing as of January 30, 2004 was $216,378.07.

When the government moved for summary judgment, it served also a detailed "Notice to Pro Se Litigants Opposing Motion for Summary Judgment," which carefully laid out such matters as the inability of a party opposing such a motion to rely on its pleadings, the need for admissible evidence raising a genuine issue of fact, and S.D.N.Y. Civil Rule 56.1 as well as the need for compliance with it and the consequences of failure to comply. Mr. Stein submitted no Rule 56.1 Statement. In consequence, the facts set forth in the government's statement are taken as true for purposes of the motion.

### Discussion

#### A. Responsible Person

The first question is whether Mr. Stein is a "responsible person."

By stipulation and order dated November 12, 2003, Mr. Stein stipulated to the entry of partial summary judgment in favor of the government establishing that he is "a responsible person" with respect to Astro but reserved his rights with respect to the computation of the amount due. In his affidavit in opposition to the present motion, however, he now seeks to "formally rescind and clarify my previous acknowledgment as a person of responsibility" to the extent that he now admits to "responsible person" status commencing on January 5, 1996. He seeks to justify this change of heart by contending that his memory was refreshed by reviewing depositions of Messrs. Mercadante and Gitlow and certain documents produced by the government.

"A party to a stipulation is not entitled to withdraw from its agreement unilaterally." [1] To be sure, the Court may relieve a party from a stipulation to prevent manifest injustice, provided the other parties can be restored to the *status quo ante*.[2] But this is not such a case. Mr. Stein was well aware when he entered into the stipulation dated November 12, 2003 that it concerned events that had occurred years before. He knew that depositions had not yet been taken and that the Court had ordered completion of all discovery by December 31, 2003.[3] He was free to conduct depositions of Mercadante and Gitlow or to attend the government's examinations of those individuals. But he elected to stipulate to "responsible party" status without the benefit of those depositions and elected not to avail himself of available means of gathering evidence. He thus assumed the risk that his memory of the pertinent events would be imperfect. Moreover, the government then relied upon the stipulation in completing its discovery program and moving

**1.** *United States ex rel. Reilly v. New England Teamsters and Trucking Industry Pension Fund*, 737 F.2d 1274, 1278 (2d Cir.1984); accord, *Sinicropi v. Milone*, 915 F.2d 66, 69 (2d Cir.1990).

**2.** *Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616, 620–21 (2d Cir.1951).

**3.** Order, Oct. 16, 2003.

for summary judgment in large part on the basis of the stipulation. In these circumstances, enforcement of the stipulation is required to avoid an injustice to the government; relief·from it certainly is not required to avoid ·a manifest injustice to Mr. Stein.

### B. The Assessment

▮ An IRS assessment is presumptively correct.[4] A taxpayer who challenges it "bears the burdens both of ·production and persuasion."[5] Thus, to defeat the government's motion, it was Mr. Stein's burden to come forward with "specific evidence" that demonstrates that the proper amount of his tax liability is different than that assessed by the IRS.[6] Mr. Stein has not done so.

First, the government submitted a Rule 56.1 statement setting forth the amount due and supported it with admissible evidence. Mr. Stein, despite having been warned that the failure to submit a responsive Rule 56.1 statement disputing the government's averments could result in the facts alleged by the government being taken as true, submitted no Rule 56.1 statement. Accordingly, the facts set forth in the government's· statement are deemed true, and the·"government is entitled· to summary judgment on this basis alone.

▮ Even if the Court were to disregard the foregoing, Mr. Stein's affidavit would be insufficient to raise a genuine issue as to any material fact bearing on the correctness of the amount claimed.

Mr. Stein professes a belief that "the government's facts related to the issues are incorrect or misleading," but he has come forward with no admissible evidence to support that belief.

The core of his position seems to be that the workers in respect of whom the government claims that payroll taxes were not paid actually were outside contractors or off-premises pieceworkers, that Mercandante paid them and turned over records of those payments to the government, and that the government wrongly treated these payments as wages subject to withholding. There is also a claim that the payments related to persons engaged by another company, Astro Support, Inc. Nowhere, however, does Mr. Stein demonstrate that he has personal knowledge of any of these matters. Moreover, he concedes that his accountant, a Mr. Wolf, provided accounting services for Astro after January 5, 1996, that Wolf—allegedly mistakenly— filed tax returns and Form 1099's for payments made in 1995 on behalf of Astro whereas the returns should have been filed on behalf of Astro Support, Inc.

Affidavits in opposition to motions for summary judgment must be made on personal knowledge and must demonstrate that the evidence relied upon would be admissible at trial.[7] Mr. Stein's affidavit, even if it properly were considered in light of his failure to comply with S.D.N.Y. Civil Rule 56.1, would be insufficient to raise a genuine issue of material fact as to the amount sought by the government. ·

---

**4.** *See, e.g., United States v. McCombs*, 30 F.3d 310, 318 (2d Cir.1994).

**5.** *Id.* (quoting *Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir.1987) (internal quotation marks omitted)).

**6.** *La Bow v. Commissioner*, 763 F.2d 125, 131 (2d Cir.1985) (quoting *Hintz v. Commissioner*, 712 F.2d 281, 286 (7th Cir.1983) (internal quotation marks omitted)).

**7.** *See, e.g., Nora Beverages, Inc. v. Perrier Group·of Am., Inc.*, 269 F.3d 114, 123–24 (2d Cir.2001); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir.1998); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65–66 (2d Cir.1997).

## Conclusion

For the foregoing reasons, the government's motion for summary judgment on the third party claim against Mr. Stein is granted. Judgment shall enter in favor of the government in the amount of $216,378.07 together with interest thereon and statutory additions thereto from January 30, 2004 to the date of entry of the judgment. As this order disposes of the last remaining claim against the last remaining party, the Clerk shall enter final judgment and close the case.

SO ORDERED.