# In the United States Court of Federal Claims

No. 09-539T

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed:  January 3, 2013)

_____

|  |  |
|---|---|
| MARK S. ROSEMAN, *pro se*, | * |
|  | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| THE UNITED STATES, | * |
|  | * |
| Defendant. | * |
|  | * |
|  | * |

_____

**OPINION and ORDER**

_____

This case concerns penalties that were assessed against Mark S. Roseman (plaintiff) under 26 U.S.C. § 6672, for the four quarters in 2004.[1]  Section 6672(a) provides, in relevant part, that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . [shall] be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."  26 U.S.C. § 6672(a).

The penalties in question were assessed by the Internal Revenue Service (IRS) on July 8, 2008.  On or about July 24, 2008, despite not having paid any portion of the assessed penalties, plaintiff filed administrative refund claims for each of the quarters in 2004.  On or about August 5, 2008, plaintiff filed an additional refund claim for each of these quarters, again contesting the assessment of the penalties.  With this second set of claims, plaintiff included a payment of $25

---

[1]  On October 23, 2012, the parties filed a stipulation agreeing to the dismissal of claims and counterclaims relating to the four quarters in 2003.  On November 2, 2012, the court granted that dismissal.

for each quarter. On December 11, 2008, the IRS disallowed the first set of refund claims. Plaintiff filed this suit on August 17, 2009.

On July 9, 2012, defendant filed a motion to dismiss the complaint for lack of jurisdiction under RCFC 12(b)(1). Briefing on that motion has been completed. Argument is deemed unnecessary.

Jurisdiction in this tax refund suit lies, if at all, under 28 U.S.C. § 1491(a)(1).[2] As a general rule, before bringing a refund suit, a taxpayer must, *inter alia*, pay his or her full tax liability. *See Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing *Flora v. United States*, 362 U.S. 145, 150 (1960)); *see also Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). This rule, however, does not apply to so-called divisible taxes, including the penalty under section 6672. Rather, "a taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action." *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977); *see also Steele v. United States*, 280 F.2d 89, 90-91 (8th Cir. 1960).[3] Courts have held that this requirement is satisfied where a plaintiff pays the penalty attributable to one employee's wages for one quarter. *See*, *e.g.*, *Ruth v. United States*, 823 F.2d 1091, 1092 (7th Cir. 1987); *USLIFE Title Ins. Co. of Dall. v. Harbison*, 784 F.2d 1238, 1243 n.6 (5th Cir. 1986); *Boynton*, 566 F.2d at 52; *Suhadolnik v. United States*, 2011 WL 2173683, at *5 (C.D. Ill. June 2, 2011); *Todd v. United States*, 2009 WL 3152863, at *3-4 (S.D. Ga. Sept. 29, 2009); *Lighthall v. Comm'r of Internal Revenue*, 1990 WL 53127, at *2 (N.D. Ill. Apr. 12, 1990), *aff'd*, 948 F.2d 1292 (7th Cir. 1991).[4]

Plaintiff's payment of $25 per quarter satisfies neither the *Flora* "full payment" rule nor the *Boynton* exception for divisible taxes. As confirmed by the tax records filed in this case, the penalties in question were imposed based on a finding that plaintiff was an employee of his corporation. The amount of employment tax owed with respect to plaintiff for any of the quarters at issue far exceeds the $25 payment amount. Accordingly, the jurisdictional prerequisite for bringing this refund action has not been satisfied.

---

[2] It is worth repeating that jurisdiction for refund suits in this court is not provided by 28 U.S.C. § 1346. *See Hinck v. United States*, 64 Fed. Cl. 71, 74-76 (2005), *aff'd*, 446 F.3d 1307 (Fed. Cir. 2006), *aff'd*, 550 U.S. 501 (2007).

[3] "This relaxed requirement is based on the theory that section 6672 assessments represent a cumulation of separable assessments for each employee from whom taxes were withheld." *Boynton*, 566 F.2d at 52.

[4] Defendant argues that payment must be made for one employee for each of the periods involved. Given the facts presented, this court need not address this argument.

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss under RCFC 12(b)(1).  The Clerk is hereby ordered to dismiss the complaint.  No costs.

**IT IS SO ORDERED**.


s/Francis M. Allegra
Francis M. Allegra
Judge